(No. 22237.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAXIE EISEN, Plaintiff in Error.

*Opinion filed June 20, 1934.*

BUSCH & WEISBROD, and NATHAN SCHWARTZ, (SAMUEL A. HOFFMAN, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Maxie Eisen, plaintiff in error, (herein called the defendant,) was found guilty of a misdemeanor on September 5, 1933, in the municipal court of Chicago. He was tried before the court without a jury. The sentence was six months in the Cook county house of correction. The information charged him with vagrancy under section 270 of division 1 of "An act to revise the law in relation to criminal jurisprudence," as amended by the act of July 6, 1933. (Laws of 1933, p. 489; Smith's Stat. 1933, chap. 38, par. 578, p. 1077.) A writ of error was sued out of this court, and the defendant contends that the section of the act under which he was charged is unconstitutional. He claims that this section is arbitrary and deprives him of his liberty without due process of law, in contravention of section 1 of article 14 of the Federal constitution and section 2 of article 2 of the State constitution. He also contends that the amendment was *ex post facto* and contravenes section 9 of article 1 of the Federal constitution and section 14 of article 2 of the Illinois constitution.

The amendment to the section, which is the basis of the charge against the defendant, was held unconstitutional in *People* v. *Belcastro,* 356 Ill. 144, and *People* v. *Alterie,* 356 id. 307. If this court has jurisdiction of the case before us the judgment of conviction must be reversed.

It is contended on behalf of the People that no constitutional question was properly raised and preserved for review at the trial of the cause, and the offense being a misdemeanor, this court is without jurisdiction. It is urged

that no specific constitutional provision was mentioned in the trial in support of the claim of unconstitutionality, and that this court will not search the constitutions of the State and of the United States to determine whether any provision thereof was violated by the act in question.

Defendant's counsel made an oral motion to quash the information. In answer to the People's contention that no specific constitutional provisions were called to the attention of the trial court, counsel for defendant says that he was cut off by the trial court in the midst of his argument of his oral motion to quash and that the court held the amendment to the section constitutional without giving counsel an opportunity to conclude his argument, but that since an oral motion to quash amounts to a general demurrer, it is sufficient to raise a constitutional question. In *Shepherd* v. *City of Sullivan*, 166 Ill. 78, a general demurrer was interposed to an amended declaration which set up an ordinance. We said: "The only authority for the provision of the ordinance that the cost of the sidewalk should be collected from the owners was the third section of the act in force July 1, 1875, entitled, 'An act to provide additional means for the construction of sidewalks in cities, towns and villages.' So much of that section as authorizes an action of debt against the owners of lots has been held unconstitutional. (*Craw* v. *Village of Tolono*, 96 Ill. 255.) The invalidity of the provision is conceded by appellee, but it is submitted that appellant waived his right to raise the constitutional question, because that objection was not pointed out in the trial court. The general demurrer went to the substance of the declaration and its sufficiency in law. A special demurrer, which goes to the form of the pleading, was not required, and it is not denied that the general demurrer was a proper mode of raising the question. Such a demurrer does not allege any particular cause but applies in general terms to the declaration. The provision of the ordinance in question

was invalid, and the declaration based upon it stated no cause of action." (See, also, *Chicago, Rock Island and Pacific Railway Co.* v. *People,* 217 Ill. 164.) There were no specific defects pointed out in the oral motion to quash in the case before us. It amounted to a general demurrer and was sufficient to reach all matters of substance in the information. *People* v. *Fox,* 346 Ill. 374; *People* v. *Nelson,* 320 id. 273.

The question of constitutionality of a statute may be raised by objections to introduction of evidence, (*Pearson* v. *Blue Mountain Joe,* 129 Ill. 370,) or by motion for a new trial where an erroneous instruction has been given based on an unconstitutional statute. (*Christy* v. *Elliott,* 216 Ill. 31.) In *People* v. *Clardy,* 334 Ill. 160, we permitted the plaintiff in error, who had entered a plea of guilty to a charge based on an unconstitutional statute, to raise the constitutional question in this court for the first time by writ of error. We said: "If the act * * * is unconstitutional, as contended by plaintiff in error, he plead guilty to an information which charged no crime whatever and the lower court was without authority to pronounce any judgment or sentence on such plea. He therefore had a right to prosecute this writ of error in this court although he had not previously raised any question as to the constitutionality of the act under which the sentence was imposed, and he has by this writ availed himself of the proper remedy to avoid the effects of the unlawful judgment and sentence."

We hold that the constitutional question was properly raised and preserved; that this court has jurisdiction of this cause, and that since the amendment in question under which defendant was charged with the offense of vagrancy has been held unconstitutional, the judgment of the trial court was erroneous and void. It is therefore reversed.

*Judgment reversed.*