88

## FLETCHER v. UNITED STATES.
### No. 419.

Municipal Court of Appeals for the
District of Columbia.
Oct. 10, 1946.

Otho D. Branson, of Washington, D. C.
(Emerson W. Browne, of Washington, D.
C., on the brief), for appellant.

John P. Burke, Asst. U. S. Atty., of
Washington, D. C. (Edward M. Curran, U.
S. Atty., and Evan T. Davis, Asst. U. S.
Atty., both of Washington, D. C., on the
brief), for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of knowingly
having in his possession "numbers slips"
in violation of Code, Section 22—1502.
The Government has confessed error and
agrees to a reversal.

■ Since public interest prevents shift-
ing the responsibility for reversal from the
appellate court to the prosecuting official,
a conviction for crime cannot be set aside
on confession of error alone.[1] We have,

therefore, required that the case be argued
and have made a thorough examination of
the record.

Appellant was arrested for intoxication
and after his arrest certain slips or scraps
of paper were found in his possession. On
these pieces of paper were written numbers
but no dates or names. In the opinion of
the arresting officer, the papers were "num-
bers slips"; but the officer gave no reason
for his opinion except that he had observed
people writing numbers and had had expe-
rience in arresting persons engaged in writ-
ing numbers. As to whether the alleged
slips were those of a player, a runner or a
banker, the officer was not asked and of-
fered no opinion.

■ It may well be that the papers rep-
resented some transaction or step in the
numbers game, but the evidence is so far
from convincing as to raise a doubt in our
minds as to its sufficiency to sustain a con-
viction. In view of the District Attorney's
confession of error, we resolve the doubt
in appellant's favor.

On other errors assigned by appellant,
but not concurred in by the Government,
we express no opinion.

Reversed.

---

[1] Parlton v. United States, 64 App.D.C. 169, 75 F.2d 772; Young v. United States, 315
U.S. 257, 62 S.Ct. 510, 86 L.Ed. 832.