**EDWARDS v. UNITED STATES.**

No. 9907.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 27, 1949.

Decided Feb. 9, 1949.

Mr. Leonard C. Collins, of Washington, D. C., for appellant.

Mr. Robert M. Scott, Asst. U. S. Atty., of Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., and William S. McKinley and John D. Lane, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before EDGERTON and WILBUR K. MILLER, Circuit Judges, and HOLTZOFF, District Judge, sitting by designation.

PER CURIAM.

This appeal is from a conviction of housebreaking and larceny. There was testimony strongly tending to show that appellant was drunk when the acts were done. The court said in its charge to the jury: "You must find, before you can acquit the defendant Edwards, that the defendant was so intoxicated that she was incapable of forming an intent." We find no other language in the court's charge that seems to us to explain away the quoted statement. We think it erroneous. Incapacity need not be proved or found in order to entitle a defendant to an acquittal. It is true that no proof or finding of capacity is ordinarily necessary to support a conviction. But where a specific intent is essential to the crime charged, and evidence is introduced that might create a reasonable doubt whether the defendant was sober enough to be capable of forming this intent, the jury must be instructed to acquit if they have such a doubt. Davis v. State, 54 Neb. 177, 74 N.W. 599. Cf. Holloway v. United States, 80 U.S.App.D.C. 3, 148 F.2d 665.

Reversed.