### HAINSWORTH v. DISTRICT OF COLUMBIA.

### DAWSON v. DISTRICT OF COLUMBIA.
#### Nos. 895, 896.

Municipal Court of Appeals for the District of Columbia.

Argued March 27, 1950.

Decided April 10, 1950.

---

Robert I. Miller and Joseph A. McMenamin, Washington, D. C., for appellants.

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellants were tried together and convicted under paragraph 2 of Title 22—3302 of the District of Columbia Code, 1940 Edition, Supp. VII, which defines as a vagrant "Any person upon whom shall be found any instrument, tool, or other implement for picking locks or pockets or that is usually employed or reasonably may be employed in the commission of any crime who shall fail satisfactorily to account for the possession of the same." Both have appealed, and we heard the appeals together.

The evidence, stated briefly, was that appellants were stopped by police officers because of two sharp "U" turns made by the automobile which one of them was driving and in which the other was a passenger. Another passenger, who is not involved in the case, had the registration card for the automobile and "someone" in the car other than the driver (not otherwise identified) had a key for the luggage compartment. It developed that the automobile belonged to the mother of the passenger not involved in the present case.

When searched, the trunk compartment to the car was found to contain two tool boxes with "all sorts" of wrenches, two crowbars, a couple of heavy hammers, a small packet of tools, and a pistol with a loaded clip in a separate pocket of the holster. Another loaded clip for another size revolver was also found.

Appellants testified that they had been to Annapolis to a football game and then to Baltimore. Each denied knowledge of the contents of the compartment of the car.

Appellee, the District of Columbia, in its brief and at oral argument has admitted that the facts produced at the trial and all reasonable inferences therefrom do not support the view that appellants were in possession of the articles specified and that it can not be urged successfully that appellants failed to satisfactorily account for the possession of the same. The District cites various cases on whether such articles could be considered within the definition of the statute, but it admits that under the circumstances of this case such discussion is only academic.

We have previously held that public interest prevents shifting the responsibility for reversal from us to the prosecuting official, and that a criminal conviction can not be set aside on confession of error alone. Fletcher v. United States, D.C.Mun.App., 49 A.2d 88, citing Parlton v. United States, 64 App.D.C. 169, 75 F.2d 772, and Young v. United States, 315 U.S. 257, 62 S.Ct. 510, 86 L.Ed. 832. Accordingly, we have thoroughly examined the record and have considered the arguments advanced. We have decided that the government is correct and that neither legally nor factually was there any basis for the conviction below.

Reversed.