## DOWELL v. UNITED STATES.
### No. 1174.

Municipal Court of Appeals for the
District of Columbia.

Argued March 10, 1952.

Decided April 3, 1952.

James F. Bird, Washington, D. C., for appellant.

William E. Kirk, Jr., Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., Joseph M. Howard and Thomas A. Flannery, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

A jury found Elizabeth Dowell guilty of the statutory offense of practicing the healing art without a license, Code 1940, § 2–101 et seq., and she has brought this appeal.

We direct our attention first to a part of the judge's jury instructions which appellant says casts upon her an improper and excessive burden of proof in connection with her defense. The Government concedes that the instruction was erroneous and consents to a remand for a new trial. But despite such confession of error we must examine the question independently because "public interest prevents shifting the responsibility for reversal from us to the prosecuting official, and * * * a criminal conviction can not be set aside on confession of error alone." Hainsworth v. District of Columbia, D.C.Mun.App., 72 A.2d 776, 777, and cases there cited.

The governing statute, after defining the practice of the healing art, Code 1940, § 2–101(b, c), and stating that the healing art does not include "nursing", § 2–101(b) (5), prohibits the practice thereof without a license, Code 1940, § 2–102. A later section provides it shall not be construed to apply to certain practices "under the direction of a person licensed to practice the healing art in the District of Columbia" and concludes, "*Provided,* That it shall not be necessary to negative any of the aforesaid exemptions in any prosecution brought under this chapter, but the burden of proof of any such exemption shall be on the defendant." Code 1940, § 2–134.

Appellant's defense was based on the clause just quoted and she introduced evidence to the effect that she, a registered nurse, ministered to the complaining witness only under the direction of her sister, a naturopath licensed to practice the healing art. Concerning this defense the trial judge told the jury at the conclusion of his charge, " * * * inasmuch as the defense of the defendant was that she was acting under a duly licensed practitioner under the Healing Arts Practice Act, it then becomes her duty and the burden of proof of any such exemption must rest on her. The burden of proof is such proof by competent evidence to find *beyond a reasonable doubt* that every material fact of such proof is necessary to an acquittal." (Emphasis added.)

This is the language which the Government concedes was erroneous, and we have no doubt that this is so. We are not aware that such an instruction has ever been held proper in this jurisdiction when a defendant is required, by statute or otherwise, to come forward with proof that he is within an exception or exemption to the general provisions of a criminal statute.[1] It is of course settled beyond question that a defendant may be required to prove himself within an exception to the general provisions of a criminal statute. Morrison v. California, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664. Such was the express provision in the statute we are here considering. But Congress said only that "the burden of proof of any such exemption shall be on the defendant." This language relieved the Government of the necessity of alleging and proving in the first place that the defendant was not within one of the excepted classes of persons. It provided the defendant with an affirmative defense; but it did not require her to prove that defense beyond a reasonable doubt. Nor, as we have said, is there any case law to that effect in the District of Columbia. Indeed the only cases we have found in this jurisdiction take a different view of the matter. Thus in Williams v. United States, 78 U.S.App.D.C. 147, 138 F.2d 81, 84, 153 A.L.R. 1213, where a statute made the performance of abortion a crime except when necessary to preserve life or health, it was held that the statute should be so interpreted as to require the

1. For a discussion of the subject and a statement of the standards applied in other jurisdictions, see 2 Wharton, Criminal Evidence, Sections 893–899 (11th Ed. 1935); 9 Wigmore, Evidence, Section 2512 (3d Ed. 1940). See also annotation, 153 A.L.R. 1218, 1352.

defendants "to come forward with evidence [establishing the exception] which with or without other evidence is sufficient to create a reasonable doubt of guilt." In Holloway v. United States, 80 U.S.App.D.C. 3, 148 F.2d 665, certiorari denied, 334 U.S. 852, 68 S.Ct. 1507, 92 L.Ed. 1774, a rape case in which the sanity of the defendant was put in issue, it was held that the burden was on the accused to overcome the presumption of sanity by evidence *sufficient to create a reasonable doubt* as to his mental capacity to commit the offense. And in Edwards v. United States, 84 U.S.App. D.C. 310, 172 F.2d 884, on appeal from a conviction of housebreaking and larceny and it appearing that there was a question whether the defendant was too drunk to form a criminal intent, the court said, "But where a specific intent is essential to the crime charged, and evidence is introduced that might create a reasonable doubt whether the defendant was sober enough to be capable of forming this intent, the jury must be instructed to acquit if they have such a doubt."

Our study of these decisions leads us to the opinion that in a case such as this the burden which the statute placed on the defendant required no more than that her evidence with or without other evidence, be sufficient to create a reasonable doubt as to her guilt. Consequently we must rule that it was error to tell the jury that the defendant must prove her defense beyond a reasonable doubt in order to be entitled to an acquittal. Our view is in harmony with the doctrine of the presumption of innocence and the rule that the Government's burden of proving the defendant guilty on all the evidence beyond a reasonable doubt cannot be shifted. United States v. Fenwick, 7 Cir., 177 F.2d 488; United States v. Morley, 7 Cir., 99 F.2d 683. Because of the error of casting an unwarranted burden on the defendant a new trial must be ordered.

Appellant insists that we go further and rule that as a matter of law a verdict should have been directed in her favor. The evidence for the Government was that a police officer named Gabrys visited defendant at her home, on the front of which there was displayed a sign listing Charlotte Staughton (her sister) as a chiropractor and naturopath; that he described to defendant four different ailments he had; that she made a tentative diagnosis of either a gall bladder condition or a developing ulcer in the coronary part of the stomach; that she said that she could not be more exact without making a blood analysis; that she then took a few drops of blood from his finger and told him to return the following Monday. He said that on his second visit she told him he had suffered a heart attack which had been caused by a blood clot that had been formed by a ruptured spleen, that the clot had entered his heart, burst a small vessel there and was causing numbness of his left arm and left ankle. The defendant then said, "I can cure this for you although it will take a long time, a long period of treatment." She also told him that he had a low blood count, low blood pressure, a vitamin deficiency, and a low protein deficiency and that he was developing a mild form of leukemia which was nothing to worry about, that it could also be cured.

According to Gabrys defendant then gave him several bottles containing pills and other medicaments, told him what they were for and how to use them, and at his request defendant wrote out a list for him to follow. She also wrote out specific directions on some of the bottles.

A week later Gabrys visited defendant for the third time and on this occasion he was accompanied by a police-woman whom he introduced to defendant as his sister. He testified that the defendant repeated in the presence of the "sister" substantially the same diagnosis she had made on a previous visit. The defendant then applied an alcohol rub to his back and said, "I am invigorating the nerves leading to your heart and to your spleen which will make you feel better." The officer paid a fee at each visit and after paying the last fee placed defendant under arrest. He further testified that he had never seen Dr. Staughton or any other doctor in the premises. The second officer generally corroborated the testimony as to the last visit.

Defendant testified that she was a registered nurse and attended persons under the direction of doctors; that she at no time professed to be a doctor or physician; that she did not receive or treat patients independently of doctors; that the blood sample taken from the patient was for the purpose of analysis on a "radionic diagnostic" machine which she described; that she conducted the test and reported the results to her sister, Dr. Staughton, who in turn analyzed the results and made a diagnosis therefrom without ever having seen the patient; that Dr. Staughton outlined the medication and told defendant to take care of it; that the defendant had received the medicines from Dr. Staughton and had delivered them to the patient as a part of her employment by the doctor. Defendant also denied that she had ever told the patient that he had a ruptured spleen. Otherwise, there was no direct denial of the officer's testimony on the crucial issue, by defendant [2] or any of her witnesses. Her sister was not called as a witness.

Thus the evidence on the whole was in such a state that if the jury did not accept defendant's testimony that her sister had made the diagnosis and prescribed the drugs, then they would almost certainly be driven to the conclusion that the defendant, after hearing the patient's symptoms and making a blood test told him exactly what his physical troubles were, stated that she could cure them through treatment, gave him medicines and accepted money from him. Clearly these acts, if performed by defendant, would be violative of the section of the Act which we set out in the margin.[3] Hence the trial judge was entirely right in refusing to take the case from the jury, for when a judge "concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, he must let the jury decide the matter." Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, 233, certiorari denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850.

Appellant points to the fact that the Government did not directly rebut her testimony to the effect that whatever she did was performed under the direction of Dr. Staughton. She argues that this established her acts as being consistent with innocence and entitled her to a directed verdict of acquittal. But we rule that it was a typical jury function to determine the credibility of the witnesses, including the defendant, to weigh the evidence and to draw justifiable inferences from proven facts. Curley v. United States, supra.

Another point raised by counsel for appellant is that his right of cross-examination was restricted. We cannot sustain this contention for the record indicates that counsel was given full and reasonable opportunity to cross-examine on all material matters.

Finally, we are asked to rule that the judge incorrectly charged the jury as to the effect of defendant's failure to produce a witness. Since we are ordering a reversal on other grounds we need not discuss this particular instruction. We assume that on the retrial the jury will be told that if there is a material witness peculiarly within the power of a party to produce and such witness is not produced, and the failure to produce him is not explained, the jury would be justified in drawing the inference that the testimony of such witness if called would have been unfavorable to the party who failed to call him. Billeci v. United States, 87 U.S.App.D.C. 274, 184 F.2d 394; Milton v. United States, 71 U.S.App.D.C. 394, 110 F.2d 556; Wool-

2. Typical of the defendant's responses were expressions like these: "I can't remember", "that I don't remember of all", "most of the conversation he gave at that time is still vague in my mind."

3. " 'The healing art' means the art of detecting or attempting to detect the presence of any disease; of determining or attempting to determine the nature and state of any disease, if present; of preventing, relieving, correcting, or curing, or of attempting to prevent, relieve, correct, or cure any disease; of safeguarding or attempting to safeguard the life of any woman and infant through pregnancy and parturition; and of doing or attempting to do any of the acts enumerated above * * *." Code 1940, § 2–101(b).

ard v. District of Columbia, D.C.Mun.App., 62 A.2d 640; Guaranty Development Co. v. Circle Paving Co., D.C.Mun.App., 83 A.2d 160.

Reversed and remanded with instructions to award a new trial.