Earl ALLEN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12959.

United States Court of Appeals
Sixth Circuit.

Dec. 13, 1956.

Claude P. Stephens, Prestonsburg, Ky., for appellant.

Henry J. Cook, U. S. Atty., Lexington, Ky. (Marvin Jones, U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

## PER CURIAM.

Appellant was convicted on the charge of breaking into a post office of the United States with intent to steal therefrom. The defense was that, at the time of the alleged offense, appellant was intoxicated either by alcohol or barbiturates, or both, to such an extent that he did not know what he was doing. Appellant had a long record of alcoholism, and, at one time, had been adjudged insane as a result of his drinking. He had previously been postmaster of the very office he broke into. For two months prior to the day on which the alleged offense was committed, he had been almost continuously drunk, and was drunk during that day and night. As to the night on which he is accused of breaking into the post office, he testified that he remembered nothing, as he then was under the influence of barbiturates, which he took following his protracted intoxication by alcohol. A window of the post office had been broken, and entry made at that point. On the next morning, the general delivery boxes were found to be empty, and some of the mail that had been in those boxes was found stuffed into the private boxes, without regard to order. Mail, also, was missing from general delivery. It does not appear that appellant got anything of value; and it is not claimed that he did. A money order in one of the letters taken from the general delivery boxes was found later in a bus depot, where, it seems, appellant had thrown it away while he was intoxicated. He had been in jail on numerous occasions for drunkenness. At the time of the trial, some three years after the claimed offense, it appeared that appellant had quit drinking.

The trial court charged the jury that the intoxication of appellant was no defense to the crime charged, if he had voluntarily placed himself in such a condition. Where a specific intent is essential to the crime charged, as in this case, and evidence is introduced that might create a reasonable doubt whether appellant was sober enough, or sufficiently in possession of his faculties to be capable of forming such intent, the jury must be instructed to acquit if they have such a doubt. Edwards v. United States, 84 U.S.App.D.C. 310, 172 F.2d 884. Accordingly, the above mentioned instruction of the court was erroneous. It is to be added that, after the brief on behalf of appellant was filed, the government confessed error. It seems plausible, on the record, that appellant was innocent of any criminal intent.

The judgment is reversed, the sentence is set aside, and the case is remanded to the district court for a new trial.