Spencer WOMACK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18426.

United States Court of Appeals
District of Columbia Circuit.

Argued July 7, 1964.

Decided July 23, 1964.

Mr. William E. Owen (appointed by this court), Washington, D. C., for appellant.

Mr. Alan Kay, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and John H. Treanor, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Mr. Joel D. Blackwell, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, WRIGHT and McGOW-AN, Circuit Judges.

PER CURIAM:

██ Appellant was convicted of the crime of robbery, 22 D.C.Code § 2901, an element of which is the specific intent to rob. Appellant prepared an instruction on intoxication which the trial judge refused to give because intoxication was not the theory of the defense. But a defendant is entitled to an instruction on any issue fairly raised by the evidence, whether or not consistent with the defendant's testimony or the defense trial theory. Specifically, " * * * a defendant accused of robbery is entitled to an instruction on drunkenness as bearing on intent * * * if sufficient evidence on the intoxication issue has been introduced so that a reasonable man could possibly entertain a doubt therefrom that the accused was able to form the necessary intent." Heideman v. United States, 104 U.S.App.D.C. 128, 131, 259 F.2d 943, 946 (1958), cert. denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959).

There was evidence that, shortly before the alleged robbery, the appellant had shared in drinking a pint and a half of gin, that he was "pretty high," and that he forced money on his drinking companions. The Government's own evidence showed that when appellant got in the taxicab where the incident took place, he smelled of alcohol and was required to pay the driver in advance, that he gave the taxicab driver his right address as destination, and that after the alleged robbery, on discharge from the cab, he remained on the street corner near his home with a female companion for several minutes. The direct testimony of

960

the complaining witness, the taxi driver, was that the appellant "looked like he was kind of drunk and staggering."

 Thus there was substantial evidence tending to show that the appellant was too drunk to form the requisite intent to rob. It was error for the trial court to refuse to allow this issue to be decided by the jury.

Reversed and remanded for a new trial.