**UNITED STATES of America**

v.

**Raymond RICHARDSON, Appellant.**

**No. 71–1077.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 31, 1972.

Mr. Robert L. Kay, Chevy Chase, Md. (appointed by this Court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, and John A. Terry, Daniel E. Toomey, and Robert Richard Chapman, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN, LEVENTHAL, and MacKINNON, Circuit Judges.

PER CURIAM:

Appellant was convicted of (1) entering a bank with intent to commit robbery, and (2) attempted robbery. The only issue raised on appeal is whether it was plain error to fail to instruct that voluntary narcosis can negate the specific intent requisite to a conviction for these crimes.

While there was some testimony by the teller and a police officer concerning the peculiar behavior of appellant and his appearance that might have suggested that he was under the influence of narcotics, there was no direct evidence to that effect; and appellant himself testified to the contrary. Moreover, there is clear evidence supporting an inference that appellant had the requisite specific intent, *e. g.*, appellant's statement to the teller, "Now you can help me, you can give me those fives, tens, and twenties, and put them neatly in a bag." Not only did defense counsel fail to request a specific instruction on narcosis or object to the instruction given, he also successfully objected to a question calling for a witness's opinion as to whether appellant was under the influence of drugs. *Compare* Womack v. United States, 119 U.S.App.D.C. 40, 336 F.2d 959 (1964).

Although we have held that a specific instruction on intoxication may be necessary "if sufficient evidence on the intoxication issue has been introduced so that a reasonable man could possibly entertain a doubt therefrom that the accused was able to form the necessary intent," Heideman v. United States, 104 U.S.App.D.C. 128, 259 F.2d 943 (1958), this jurisdiction has not yet extended that principle to narcosis. Whether such an instruction might be necessary in some circumstances is unnecessary to decide here, in light of counsel's failure to present any evidence on the issue and to offer or object to any instruction, and the trial Judge's adequate instruction that "you may consider any statement made and act done or admitted by the defendant, and all of the facts and circumstances in evidence which indicate the state of mind."

Affirmed.