**Charles C. SMITH, Sr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6615.**

District of Columbia Court of Appeals.

Argued May 2, 1973.

Decided Aug. 24, 1973.

Robert A. W. Boraks, Washington, D. C., for appellant. Peter J. Hoagland, Washington, D. C., appointed by this court, was on the brief, for appellant.

William M. Brodsky, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and John S. Ransom, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This is an appeal from appellant's conviction of the offense of cruelty to children.[1] The sole error advanced by appellant is the refusal of the trial court to instruct the jury, as requested, on the issue of intoxication as bearing upon the question of specific intent.[2] Appellant contends that specific intent is an element of the offense charged.

The appellee responds (1) that the evidence of intoxication was insufficient to warrant the instruction being given; (2) that the offense requires proof of something less than a specific intent and, therefore, it is not one of the crimes to which voluntary intoxication may be a defense;

---

1. D.C.Code 1967, § 22–901.

2. The trial judge originally indicated he would give the requested instruction but later refused after appellant, in closing argument to the jury, specifically stated that he was not relying on an intoxication defense.

Finding as we do that there was insufficient evidence to warrant the giving of the intoxication instruction, there is no need to decide whether a party may have an instruction on an issue it has specifically abandoned.

and (3) that in his argument to the jury counsel for appellant expressly disavowed the defense of intoxication, thereby waiving any right to such an instruction.

Finding that evidence of a state of intoxication sufficient to render the appellant incapable of formulating a specific intent to commit the charged crime was wholly lacking and the requested instruction therefore unwarranted, we do not reach the other two issues raised by appellee and affirm.

■■ A defendant in a criminal case is entitled to an instruction on any issue "fairly raised by the evidence". Womack v. United States, 119 U.S.App.D.C. 40, 336 F.2d 959 (1964). But the mere fact of consumption of alcoholic beverages before the commission of a crime will not, by itself, relieve the perpetrator from criminal responsibility.[3] In Heideman v. United States, 104 U.S.App.D.C. 128, 131, 259 F.2d 943, 946 (1958), cert. denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959), the court said that an intoxication defense instruction is only necessary

. . . if sufficient evidence on the intoxication issue has been introduced so that a reasonable man could possibly entertain a doubt therefrom that the accused was able to form the necessary intent. . . . Drunkenness, while efficient to reduce or remove *inhibitions,* does not readily negate *intent.* (Footnotes omitted.) [*See also,* Edwards v. United States, 84 U.S.App.D.C. 310, 172 F.2d 884 (1949).]

To support his right to an "intoxication-defense" instruction appellant directs our attention to his testimony as to the amounts of alcohol that he consumed during the approximately nine hours preceding the commission of the crime.[4] As was stated in State v. Smith, 277 A.2d 481, 492 (Me. 1971):

The mere fact that a defendant may have been drinking prior to the commission of the offense charged against him does not establish intoxication. . . .

Lack of memory is cited by appellant as evidence of incapacitating intoxication. This lack of memory, however, relates to incidents occurring earlier in the evening before the acts on which the criminal charge is based,[5] and to a general lack of memory as to events of the evening.[6] As to the specific incident upon which the present criminal charge is based, appellant exhibited a remarkably good memory.[7]

■ The evidence required to warrant the "intoxication-defense" instruction must reveal such a degree of complete drunkenness that a person is incapable of forming the necessary intent essential to the commission of the crime charged. State v. Smith, *supra* at 492. Similarly, the court held in *Heideman, supra,* that there must be evidence that the defendant has reached a point of incapacitating intoxication. The only evidence here as to appellant's alleged intoxication came from the appellant himself and he testified that although he "had been drinking" he was not "dead drunk".[8]

■ We conclude that the issue, of whether appellant was so intoxicated as to have been incapable of forming the requisite intent to commit the crime charged, was not "fairly raised by the evidence", and therefore the refusal of the trial court to give the requested instruction was not error.

Affirmed.

3. Heideman v. United States, 104 U.S.App.D.C. 128, 131, 259 F.2d 943, 946 (1958), cert. denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959). *See also* State v. Smith, 277 A.2d 481, 492 (Me.1971); State v. Cookson, 293 A.2d 780 (Me.1972).

4. Tr. at 99, 102, 105–07, 111–14, 130.

5. Tr. at 114.

6. Tr. at 129–30.

7. Tr. at 116–20.

8. Tr. at 114.