THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* FRED MINEFEE, Petitioner-Appellant.

(No. 57111;

First District (4th Division)—September 26, 1973.

Linda West Conley, of Defender Project, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and Ronald Neville, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Petitioner, Fred Minefee, pleaded guilty to three charges of possessing and selling marijuana in violation of the Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22—3). He was placed on five years probation on December 29, 1969, the first year to be served in the Cook County Jail. The trial judge stayed the Mittimus until January 29, 1970, with petitioner's initial bond to remain in effect.

On January 29, 1970, petitioner failed to appear in court and was subsequently indicted for bail jumping. He was apprehended on July 13, 1970 and on October 29, 1970 pleaded guilty to the offense of bail jumping and was sentenced to serve one to five years in the State Penitentiary.

On May 17, 1971, petitioned filed a prose petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1—7). Counsel appointed to represent petitioner failed an amended post conviction petition on October 21, 1971. It alleged that petitioner's conviction for selling and possessing marijuana under the Narcotic Drug Act was void under the decision of the Illinois Supreme Court in *People*

*v. McCabe,* 49 Ill.2d 338, 275 N.E.2d 407. The amended petition also alleged that petitioner's conviction for bail jumping should be voided since said charge arose in connection with drug charges held to be unconstitutional in *McCabe.*

On November 18, 1971, the State moved to dismiss the amended petition. A full hearing was had at the completion of which the trial court entered an order voiding petitioner's convictions for the sale and possession of marijuana, but dismissed that part of the petition requesting the court to void the bail jumping conviction. Petitioner appeals from that dismissal.

Petitioner raises the following issues: 1) whether a conviction for bail jumping is void when bail is given in connection with the violation of a statute subsequently determined unconstitutional; and 2) whether the trial court erred in not reconsidering the sentence imposed for bail jumping once the convictions for possession of marijuana had been voided.

Petitioner maintains that a conviction under an unconstitutional statute is a nullity and void (*People v. Eisen,* 357 Ill. 105, 191 N.E. 219), and contends that as the offense of jail jumping arose out of the prior unconstitutional and void conviction, any order of court requiring petitioner to begin his sentence would also be null and void. Petitioner concludes that his conviction for bail jumping is void.

When petitioner failed to appear on January 29, 1970, he was indicated for violating section 32—10 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 32—10) which provides:

> "Whoever, having been admitted to bail for appearance before any court of record of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, shall, if the bail was given in connection with a charge of felony or pending appeal or certiorari after conviction of any offense be fined not more than $5,000 or imprisoned in the penitentiary not more than five years, or both; or if the bail was given in connection with a charge of commiting a misdemeanor, or for appearance as a witness, be fined not more than $1,000 or imprisoned in a penal institution other than the penitentiary not more than one year, or both.
>
> Nothing in this section shall interfere with or prevent the exercise by any court of its power to punish for contempt."

■■ The language of the above bail jumping statute makes it clear that the Legislature intended to create a separate offense for violation of the conditions of a bail bond apart from the initial offense for which the bond was issued. In the case at bar the record indicates that petitioner jumped bail nearly two years before the decision in *McCabe* and

thus it cannot be said that his actions were taken pursuant to any reasonable belief that his convictions were void, but rather his actions were in deliberate violation of the court's order, the conditions of petitioner's bail and the bail jumping statute.

Petitioner apparently believed the sentence imposed upon him for bail jumping was excessive. He addressed the court after pleading guilty and after sentence was imposed and stated.

> "I must admit I was given probation for the crimes and this I thought to be fair, but I also was given the first year in jail. This I thought to be unfair, because without that year I would never had come back before you or any other judge.
>
> The reason I feel as though I was given an unfair deal is because in the very same courtroom, and before you, I had seen a woman charged with murder, the murder of her lover, mind you, her husband was present in court, and he had forgiven her for having a lover. So you gave her five years probation and the first four months in jail, time served, after the charge had been reduced to manslaughter, even though she did admit doing the killing in a fit of anger."

We find that if petitioner felt that the sentence imposed was excessive, his remedy to seek redress was within the judicial process and not to take it upon himself to disobey the order of court wilfully. In *People v. Chamness*, 1 Ill.App.3d 305, 274 N.E.2d 99, the court affirmed a conviction for escape from the Illinois State Penitentiary even though the defendant claimed his sentence had expired holding:

> "Likewise his contention as to the expiration of his prior two to six years sentence for robbery is ill taken, for the pursuit of judicial process, and not escape, is the proper remedy for one who believes himself unlawfully held in custody."

In the case at bar we similarly find that the pursuit of judicial process and not the decision taken by the petitioner to jump bail to be the proper remedy for one who believes himself to be unlawfully convicted. We conclude that the trial court did not err in dismissing that portion of petitioner's request to void his bail jumping conviction.

Petitioner's other contention on appeal is that the trial court erred in not reconsidering the sentence imposed for bail jumping since the convictions for possession and sale of marijuana were voided. Petitioner maintains that his sentence for bail jumping was excessive because it was based upon such void conviction and contends further that the court should have reduced the sentence. Petitioner cites *People v. Barney*, 89 Ill.App.3d 180, 232 N.E.2d 481 (1967), and *People v. Sims*, 32 Ill.2d 591, 208 N.E.2d 569 (1965) in support of his contention. In these cases

sentences based on void convictions were reversed but in each case the courts of review found that the sentences were based solely upon void convictions. In the *Barney* case defendant was sentenced as a subsequent offender in a narcotics case when his prior conviction was later reversed and the court held it was improper to impose such a sentence for an aggravated offense when the requisite prior conviction never in fact occurred. In *Sims* the defendant had his probation revoked for the violation of a statute which was later declared unconstitutional and the supreme court found that it would be improper to deny a defendant probation for activity which was not criminal.

In each of these cases a void conviction was the compelling reason for defendant's sentence. Petitioner in the instant case, however, was not sentenced for activity which was subsequently determined to be non-criminal, but rather for a distinct offense of bail jumping which we have already determined to be a distinct offense apart from the offense for which bail was offered.

While this court has the authority to reduce sentences, (Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1969, ch. 110A, par. 615)), our Supreme Court has indicated that this authority should be exercised with considerable caution and circumspection, *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673. The court in *Taylor* held:

> "We have previously stated that '[W]here it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, this court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose  *  *  *'. [R]eviewing courts [have] the power to reduce sentences imposed by trial courts where circumstances warrant  *  *  * [but] such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily, has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals."

■■ The record in the case at bar reveals that the trial court was fully aware that the convictions of petitioners for possession and sale of marijuana were improper and allowed that portion of the petition seeking to void that conviction. The trial court exercised its discretion and chose not to alter its sentence for the distinct offense of bail jumping. The sentence imposed in the instant case was within the statutory limits and we do not find that the trial court erred in deciding not to reduce that sentence, nor, do we find that such sentence was excessive.

For the foregoing reasons the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

BURMAN, P. J., and DIERINGER, J., concur.