278

(No. 72-248;

Second District—November 16, 1973.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Assistant Public Defender, of counsel), for appellant.

William V. Hopf, State's Attorney, of Wheaton (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant, indicted for the sale and possession of marijuana, was released on bond. He failed to appear for trial on August 3, 1971, his bond was forfeited and a capias for his arrest was issued. On October 15, 1971, the statute under which he was indicted was declared unconstitutional. (*People v. McCabe*, 49 Ill.2d 338 (1971).) He was indicted on March 27, 1972, for violation of bail bond, pled guilty to that charge and was sentenced to three years probation, the first year to be served at the Vandalia State Farm.

Defendant's position is that because the statute under which he was initially charged was later held void, all court proceedings arising out of or as a result of the original indictment, namely, the indictment and conviction for violation of bail bond, are also void. In support of this contention the defendant relies upon the rule that a statute found invalid is considered void *ab initio*, wholly inoperative and treated as though never enacted, (*People v. Rogers*, 401 Ill. 53, 56 (1948); *Grasso v. Kucharski*, 93 Ill.App.2d 233, 237 (1968)).

■■ We do not agree. Defendant stands convicted of a crime under a statute unrelated and unaffected by the *McCabe* decision. Violation of bail bond is an offense separate and distinct from that of possession and sale of marijuana. Directly on point is the case of *People v. Minefee*, 14 Ill.App.3d 796 (1973) where, under almost identical circumstances and the same contention, the defendant's conviction was affirmed. In construing the statute for violation of bail bond, the court there stated:

> "The language of the above bail jumping statute [Ill. Rev. Stat. 1971, ch. 38, sec. 32—10] makes it clear that the Legislature intended to create a separate offense for violation of the conditions of a bail bond apart from the initial offense for which the bond was issued. In the case at bar the record indicates that petitioner jumped bail nearly two years before the decision in *McCabe* and thus it cannot be said that his actions were taken pursuant to any reasonable belief that his convictions were void, but rather his actions were in deliberate violation of the court's order, the conditions of petitioner's bail and the bail jumping statute." 14 Ill.App. 3d 796, 797.

Pending this appeal, the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38) became effective and under section 1008—2—4, the sentencing provisions of the Code are applicable to the instant case. Section 1005—6—3(d) permits a split sentence only where probation is used in conjunction with periodic imprisonment; to allow probation but impose confinement as part of the sentence is specifically prohibited.

■■ For the reasons stated, the judgment is affirmed but the cause remanded to the trial court with directions to resentence the defendant in accordance with the Unified Code of Corrections.

Judgment affirmed; cause remanded with directions.

GUILD, P. J., and SEIDENFELD, J., concur.