Willie J. WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

No. 8344.

District of Columbia Court of Appeals.

Submitted Dec. 10, 1974.

Decided Jan. 20, 1975.

Edward R. Shannon, Washington, D.C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, Richard L. Beizer and Edward C. McGuire, Asst. U. S. Attys., were on the brief for appellee.

Before GALLAGHER, YEAGLEY and HARRIS, Associate Judges.

PER CURIAM:

This appeal is from appellant's conviction in a jury trial of wilful failure to appear[1] at the June 25, 1973, preliminary hearing on a second degree burglary charge[2] which was then pending against him. Appellant argues (1) that his conviction for wilful failure to appear under D.C.Code 1973, § 23–1327, cannot be upheld because subsequent to the scheduled preliminary hearing the underlying burglary charge was dismissed and (2) that it was error to refuse to instruct the jury on the defense of intoxication. Finding no merit in either of these arguments, we affirm.

At the conclusion of a June 14, 1973, court appearance at which the appellant was informed of the time and place of the preliminary hearing and in which he signed a release form specifying, *inter alia,* the penalties for failure to appear in court as required, the appellant was released on personal recognizance to the third party custody of the Quaker House pending the preliminary hearing. When the appellant failed to appear at the preliminary hearing, a bench warrant was issued and appellant was arrested and charged under § 23–1327 on August 2, 1973. On August 10, 1973, the underlying charge of second degree burglary was dismissed upon the motion of the government after the complainant failed to identify the appellant in a lineup. Appellant's trial on the bail jumping charge was held on January 14, 1974.

I

We find that the § 23–1327[3] offense of wilful failure to appear in court as required constitutes a crime which is independent of the offense for which the appearance was required. A conviction of the underlying offense is neither an element of, nor a condition precedent to, a conviction under § 23–1327. *See* People v. Minefee, 14 Ill.App.3d 796, 303 N.E.2d 591 (1973). In that case the court refused to void the conviction for bail jumping even though the conviction of the substantive offense (possession of narcotics) was voided later on grounds of the unconstitutionality of the Illinois narcotics law. *See* People v. Arnone, 15 Ill.App.3d 278, 304 N.E.2d 95 (1973); United States v. Bourassa, 411 F.2d 69, (10th Cir.), cert. denied, 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969). *See also* United States v. Moss, 141 U.S.App.D.C. 306, 438 F.2d 147 (1970).

Appellant argues that the phrase ". . . released . . . prior to the commencement of his sentence . . ." in § 23–1327, language which is peculiar to the D.C. statute, indicates that a conviction and sentence in the underlying offense are conditions precedent to a bail jumping conviction. We disagree. The legislative history clearly shows that the phrase was added to make it certain that a defendant would be subject to the sanctions of the bail jumping statute at all stages of the

---

1. D.C.Code 1973, § 23–1327. Appellant was also indicted on one count of first degree burglary, one count of secodn degree burglary and two counts of petit larceny. The § 23–1327 charge was severed and tried separately, however.

2. The underlying case was United States v. Williams, Super.Ct.D.C. (Crim.No. 35149–73, Dismissed Aug. 10, 1973).

3. D.C.Code 1973, § 23–1327 reads in pertinent part:
   (a) Whoever, having been released under this title prior to the commencement of

his sentence, willfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari prior to commencement of his sentence after conviction of any offense, be fined not more than $5,000 and imprisoned not less than one year and not more than five years . . . . .

criminal proceeding until he surrenders to serve his sentence.[4]

## II

■ We cannot say that on the record before us the trial court erred in refusing to give the requested instruction on the defense of intoxication.[5] While we recognize that a defendant in a criminal trial is entitled to an instruction on any issue which is fairly raised by the evidence, Smith v. United States, D.C.App., 309 A.2d 58, 59 (1973); Womack v. United States, 119 U.S.App.D.C. 40, 336 F.2d 959 (1964), we have held that in order to raise the defense of intoxication the evidence

must reveal such a degree of complete drunkenness that a person is incapable of forming the necessary intent essential to the commission of the crime charged. [Smith v. United States, *supra,* 309 A.2d at 59.]

Appellant in this case merely made the naked assertion that the reason that he did not appear for his preliminary hearing was that he was intoxicated on alcohol and had been taking Ritalin (a central nervous system stimulant). There was no evidence of the quantity of either item he consumed the length of time over which they were taken, or the specific manner in which their alleged ingestion prevented the appellant's failure to appear from being wilful. In short, while the appellant did testify that he was intoxicated, he produced no evidence that he had "reached a point of incapacitating intoxication." Smith v. United States, *supra* at 59.

Affirmed.

4. At least one court had refused to find that failure to appear in court after sentence had been imposed but before the commencement of the service of sentence amounted to bail jumping under 18 U.S.C. § 3150 (1970). The legislators wanted to make certain that this result was not reached under D.C.Code 1973, § 23–1327. *See* 116 Cong.Rec. 8210 (1970).

5. The instruction requested was Criminal Jury Instructions for the District of Columbia, No. 5.12 (2d ed. 1972).