THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD TOMPKINS, Defendant-Appellant.

(No. 12508;

Fourth District—March 20, 1975.

John F. McNichols, Daniel Stewart and John L. Swartz, all of State Appellate Defender's Office, of Springfield, for the People.

Robert J. Bier, State's Attorney, of Quincy, for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant pleaded guilty to a violation of a bail bond given on a felony charge of theft of property of a value of over $150 and was sentenced to the penitentiary for an indeterminate term with the minimum fixed at 1 year, the maximum at 3 years. At the time of accepting the plea, the trial court advised defendant of the minimum and maximum penitentiary sentences that could be imposed but did not mention the nonpenitentiary sentences of periodic imprisonment, probation and conditional discharge that were available under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 et seq.). On appeal defendant contends that the failure to so advise violates Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(2)) which requires that before accepting a guilty plea, the court must in open court inform the defendant of and determine that he understands "the minimum and maximum sentence prescribed by law."

Defendant's position is contrary to recent decisions of this court rendered since his appeal was begun. In *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148, the court held that Rule 402(a)(2) did not require a trial judge to inform an accused of the possibility of periodic imprisonment before accepting his guilty plea. In *People v. Wills*, 23 Ill.App.3d 25, 319 N.E.2d 269, the same ruling was made as to advice with regard to the possibility of probation or conditional discharge.

■■ In *People v. Barr*, consolidated with *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, the trial court had accepted a negotiated plea of guilty from Barr without advising him of the possible punishment. The Illinois Supreme Court ruled, however, that substantial compliance with the rule was obtained because the negotiations were such that it was obvious that Barr would have learned of the possible penalty and because there was no claim that he did not. The court then stated that the question had arisen as to whether Rule 402(a)(2) requires the court to advise the accused as to periodic imprisonment and other dispositions now available under the Code. It stated that such is not the case and advice need be given only as to possible jail or imprisonment.

■■ The admonishment given to defendant in the case under consideration was in substantial compliance with Rule 402(a)(2).

The statute defining violation of bail bond provides that the offense is a Class 4 felony if the charge for which the bond was given is a felony

and a Class A misdemeanor if given for a misdemeanor charge. (Ill. Rev. Stat. 1973, ch. 38, par. 32—10.) The defendant's other contention of error is that the court should not have given him a felony sentence because there is no proof that the value of the property taken in the underlying charge was of enough value to make that charge a felony. Proof of sufficient value of the property taken is an element in proof of a felony theft (*People v. Kurtz*, 37 Ill.2d 103, 224 N.E.2d 817), but only one of several elements. To carry defendant's theory to its logical conclusion, no bail bond violation would occur if proof of the underlying offense subsequently failed.

■■ A bail bond violation occurs even if the underlying charge is later declared invalid. In *People v. Minefee*, 14 Ill.App.3d 796, 303 N.E.2d 591, a defendant convicted of a violation of the Narcotic Drug Act violated the bail bond upon which he was released pending appeal. His conviction on the latter offense was affirmed on appeal even though subsequent to his violation of the bail bond, the statute upon which the underlying narcotics offense was based was declared unconstitutional. The court stated that the two offenses were clearly separate. A similar result was reached in *People v. Arnone*, 15 Ill.App.3d 278, 304 N.E.2d 95.

The imposition of a felony sentence was correct. The judgment appealed from is affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.