(No. 22859.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NICK BASURIS, Plaintiff in Error.

*Opinion filed April 18, 1935.*

W. G. ANDERSON, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Nick Basuris was brought to trial in the criminal court of Cook county charged with arson and an attempt to commit arson. He was granted a separate trial, and on motion of the State's attorney the felony charges in the three counts of the indictment were waived. He then pleaded guilty "of conspiracy to commit arson in the manner and form as charged in the indictment." On this plea he was sentenced to serve a year in the house of correction and has sued out a writ of error from this court.

Although the record does not expressly show it, we assume that Basuris entered his plea of guilty for violation of paragraph 52 of the Criminal Code. (Smith's Stat. 1933, p. 1006.) Any person convicted of a violation of the provisions of that section shall "be sentenced to the penitentiary for not less than one nor more than two years or fined not to exceed one thousand dollars." The statute thus imposes punishment in part by a penitentiary sentence and in part by fine as one of the penalties for its violation. When the offense may be punished by imprisonment in the penitentiary, or by fine only, or by imprisonment in the penitentiary and by fine, in the discretion of the court or jury, it is only a misdemeanor. (*People* v. *Stavrakas,* 335 Ill. 570; *Baits* v. *People,* 123 id. 428; *Lamkin* v. *People,* 94 id. 501.) The offense of which Basuris was convicted is a misdemeanor, and writs of error in all criminal cases below the grade of felony, under the statute, can be sued out of the Appellate Court only, except in cases involving the validity of a statute or a construction of the constitution. This record involves neither. A constitutional question was generally referred to in the assignment of errors but was not argued in the briefs and is therefore waived.

Under the statute the writ of error should have been from the Appellate Court for the First District, and the cause is accordingly transferred to that court.

*Cause transferred.*