(No. 37594.—

The People of the State of Illinois, Defendant in Error, *vs.* Ralph Spector *et al.,* Plaintiffs in Error.

*Opinion filed September 27, 1963.*

ROBERT W. HEINZE, HAROLD H. WINER, and STERLING S. SUGA, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and WILLIAM J. MARTIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

After a bench trial in the criminal court of Cook County Ralph Spector and Sam Testa were found to have violated the conspiracy statute. (Ill. Rev. Stat. 1959, chap. 38, par. 139.) Each was sentenced to the penitentiary, Spector for a term of one to five years and Testa for a term of one to three years. Contending that the evidence fails to establish guilt, they seek direct review by writ of error in this court.

The Criminal Code directs that "Appeals from and writs of error to Circuit Courts, the Superior Court of Cook County, the Criminal Court of Cook County, County Courts and City Courts, in all criminal cases below the grade of felony shall be taken directly to the Appellate Court, and in all criminal cases above the grade of misdemeanors, shall be taken directly to the Supreme Court." (Ill. Rev. Stat. 1959, chap. 38, par. 780½.) The statute which defendants were convicted of violating prescribes punishment in part by a penitentiary sentence and in part by fine as one of the penalties. It provides that offenders "shall be fined not exceeding $2,000 or shall be imprisoned in the county jail not exceeding one year, or shall be imprisoned in the penitentiary for a term of not less than one year and not exceeding five years, or may be so fined and so imprisoned in the county jail or penitentiary." Ill. Rev. Stat. 1959, chap. 38, par. 139.

When an offense may be punished by imprisonment

in the penitentiary, or by fine only, or by imprisonment in the penitentiary and by fine, in the discretion of the court or jury, it is only a misdemeanor. (*People* v. *Bain,* 359 Ill. 455; *Herman* v. *People,* 131 Ill. 594.) Thus the conspiracy defined by the section in question is below the grade of felony, and a writ of error can be sued out of the Appellate Court only. *People* v. *Basuris,* 360 Ill. 192.

There are no constitutional questions involved in the review sought (cf. *People* v. *Beeftink,* 21 Ill.2d 282), nor is there any other question present giving this court jurisdiction for direct review. The cause will therefore be transferred to the Appellate Court for the First District.

*Cause transferred.*