THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLEN DALE MINER, Defendant-Appellant.

(No. 11677; ▉▉▉▉▉▉)

Fourth District—March 21, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Basil D. Greanias, State's Attorney, of Decatur, (Scott B. Diamond, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On May 20, 1970, following a jury trial, defendant was convicted of robbery and was sentenced to a term of not less than 7 nor more than 20 years in the Illinois State Penitentiary. On June 4, 1970, while the defendant was incarcerated in the penitentiary, he sent a letter to the clerk of the circuit court stating in substance that he was writing with regard to his appeal; that in May he had been convicted and sentenced for robbery; that the sentence was imposed on the 20th of May, 1970, and he was taken to the penitentiary on the 21st of May. He identified his counsel at trial and concluded that since he was not versed in the law he was leaving the case in the hands of the clerk "in regards to my notice of appeal." The letter expressed apprehension with reference to the time element and stated it was the writer's understanding that he had 30 days in which this appeal must be done.

On June 8, the presiding judge of the circuit court sent the defendant a letter wherein he acknowledged receipt of the letter dated June 4 and advised the defendant that he must specifically request an appeal and then the court will direct the clerk to file the notice of appeal. Thereafter, on July 8, 1970, the defendant sent another letter which was even more explicit with reference to his desire to perfect an appeal. No notice of appeal was filed in the circuit court. Thereafter, a petition for leave to appeal was filed in this court but not within the time limited by rule. This court denied the petition for leave to appeal but ordered that it be treated as a motion for relief under Section 72 of the Practice Act for the inadvertence of the clerk in filing of the notice of appeal. We then transferred that motion to the circuit court for further proceedings. Upon the transfer to the circuit court, that court allowed the State's motion to dismiss the Section 72 proceeding. This appeal is from that order.

At the time of oral argument, we announced the reversal of the action of the circuit court from the bench. It is the opinion of this court that the defendant clearly indicated by his letter of June 4, 1970, which was timely filed, his desire to perfect an appeal. Although the letter is not an explicit demand or request that the clerk file the notice of appeal, it clearly manifests such request; the intention is clear, and it was the duty of the trial court to order the clerk to prepare and file a notice of appeal upon receipt of a request for the same manifesting that intention. (*People v. Sanders*, 40 Ill.2d 458, 240 N.E.2d 627.) The trial court was in error in denying the Section 72 relief. That order is reversed. This cause is remanded to the circuit court of Macon County with directions to grant the relief and order the circuit clerk to file the notice of appeal.

Reversed and remanded with directions.

TRAPP, P. J., and SIMKINS, J., concur.