UNITED STATES of America, Plaintiff,

v.

Duane R. PEDERSON, Defendant.

No. 3–72–Crim–211.

United States District Court, D. Minnesota, Third Division.

June 22, 1973.

**1152**

Robert G. Renner, U. S. Atty., and Earl P. Gray, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Thomson, Wylde, Nordby, Friedberg & Rapoport, Douglas W. Thomson, St. Paul, Minn., for defendant.

## MEMORANDUM and ORDER

DEVITT, Chief Judge.

Defendant was tried before the Court for receiving a firearm after having been previously convicted of a felony in violation of 18 App.U.S.C. § 1202 (a)(1).

The issue raised in defendant's defense is whether prosecution under § 1202(a)(1) offends fundamental fairness and denies due process where defendant believed he could legally purchase a firearm, relying on the statements of his attorney, the sentencing judge and the prosecutor that the one year sentence imposed under the terms of a plea bargain on a state felonious theft charge constituted a misdemeanor and not a felony.

On August 12, 1972, defendant purchased a pistol which had moved in interstate commerce. He completed and signed a Firearms Transaction Record, Form 4473 (Gov't. Exh. 3), answering

"NO" to question 8(b) which reads as follows:

> "b. Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note: The actual sentence given by the judge does not matter—a yes answer is necessary if the judge *could have* given a sentence of more than one year.)"

The record shows that defendant pled guilty in a Minnesota state court September 9, 1971 to a theft charge, M.S.A. § 609.52, subd. 2, which carried a maximum sentence of five years and/or $5,000. Pursuant to a plea bargain, defendant pled guilty to theft, and the trial judge imposed a one year sentence, rendering the crime a misdemeanor under Minnesota law. M.S.A. § 609.13(1). See also, M.S.A. § 609.02(2)–(4).

During trial on the federal charge, defendant told the Court he believed he was pleading guilty to a gross misdemeanor, not a felony. He relied on statements made when he pled guilty and the later advice of his attorney that he was not restricted by the consequences of being a felon. (Tr. 16).

A crime punishable by more than one year in prison is a felony for purposes of § 1202 unless the state defines it as a misdemeanor, and it is punishable by less than two years in prison. 18 App. U.S.C. § 1202(c)(2).

Defendant contends that he was given no fair warning of his felony status by any individual or by Form 4473. The government concedes that there might be inequities involved in prosecuting defendant, but relies on the statute's plain language, the interpretation given to it by our Circuit Court and the transcript of defendant's guilty plea in state court. I agree with the government's position.

■ The Eighth Circuit has held that while a plea bargained gross misdemeanor disposition renders defendant only a misdemeanant under Minnesota law, he

may nevertheless be a felon for federal purposes under 18 App.U.S.C. § 1202 (a)(1). United States v. Glasgow, 475 F.2d 850 (8th Cir. 1973).

Defendant distinguishes *Glasgow* as not involving a situation where defendant lacked fair warning of his felon status due to a bona fide reliance on advice from the court and counsel.

Regardless of the scope of *Glasgow*, I am not convinced that defendant lacked fair warning of his status. In pleading guilty in state court, defendant stated that he understood the maximum sentence for felonious theft was five years and/or $5,000. (Gov't. Exh. 2, p. 4). Defendant at the time he answered Question 8(b), Form 4473, knew that he could have received up to five years for the crime to which he pled guilty. That is all he was required to know to answer question 8(b). If the question were confusing to him, he could have asked Mr. Forest, who sold him the gun, or his attorney about the legality of purchasing a firearm. But he did not. Tr. 20.

■ I find that it neither offends fundamental fairness nor denies due process to prosecute defendant under the circumstances.

In summary, I find that defendant had been previously convicted of a crime punishable by a term of more than two years; that he had been convicted of a felony for federal purposes regardless of the state classification of the crime; that he had fair warning of the maximum sentence which could have been imposed by the state judge; and that by receiving the firearm after having been convicted of a felony, defendant violated § 1202(a)(1).

Therefore, it is ordered that defendant's motion for a judgment of acquittal is denied, and defendant is found to be guilty as charged in Count I of the Indictment. The case is referred to the Probation Office for a presentence investigation. The foregoing is intended to comply with Rule 23 of the Federal Rules of Criminal Procedure.