THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY E. PRATHER, Defendant-Appellant.

(No. 12035;

Fourth District—January 16, 1974.

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

John J. McCarthy, Jr., State's Attorney, of Charleston (Michael Prall, of Circuit Attorneys Project, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant was sentenced upon his pleas of guilty for the offense of aggravated assault and the offense of violation of bail bond while on bond for aggravated assault and also upon his admission of a probation violation. Upon that admission he was sentenced for the original burglary offense for which he had been admitted to probation. Three concurrent sentences of not less than two nor more than five years were imposed. The defendant appeals.

■■ The notices of appeal filed in these cases make no reference to the number or order in the revocation of probation proceeding. The order appointing counsel on appeal, however, does refer to that proceeding by number and contains a recitation that the defendant desires to appeal and the order appointed counsel and directed the clerk of the trial court to file a notice of appeal. Thus, as we view this record, all three proceedings are before this court, notwithstanding the omission in the notice of appeal. See *People v. Allen*, 7 Ill.App.3d 249, 287 N.E.2d 171; *People v. Miner*, 4 Ill.App.3d 409, 280 N.E.2d 469; *People v. Sanders*, 40 Ill.2d 458, 240 N.E.2d 627.

■■ The indictment for violation of bail bond alleged that the defendant failed to appear as required and that said bail bond was given in connection "with a charge having committed a felony, to-wit: aggravated assault * * * in violation of the Illinois Revised Statutes, 1969, chapter 38, section 32—10." The penalty for aggravated assault is a fine of not less than $25 nor more than $1000, or imprisonment in a penal institution other than a penitentiary for not less than four days nor more than a year or both, or imprisonment in a penitentiary for from one to five years (Ill. Rev. Stat. 1969, ch. 38, par. 12—2(b)). In *People v. Hise*, 1 Ill.App.3d 43, 272 N.E.2d 264, we held that an offense with its penalty thus defined was a misdemeanor. We there stated:

> "*Lamkin v. The People*, 94 Ill. 501, appears to be the source of the rule in Illinois that where the penalty for an offense provides for the alternative of fine or imprisonment in a penal institution other than the penitentiary, *or* imprisonment in the penitentiary

(emphasis supplied) the offense is a misdemeanor. The rule has been consistently adhered to by the Supreme Court of this State since its origin in *Lamkin, supra,* the most recent instance being found in *People v. Novotny,* 41 Ill.2d 401, 244 N.E.2d 182, and between *Lamkin* and *Novotny, supra,* the rule was reiterated in *Baits v. People,* 123 Ill. 428, 16 N.E. 483; *People v. Stravrakas,* 335 Ill. 570, 167 N.E. 852; *People v. Bain,* 359 Ill. 455, 195 N.E. 42; *People v. O'Connor,* 414 Ill. 51, 110 N.E.2d 209; *People v. Spector,* 28 Ill.2d 554, 192 N.E.2d 926; *People v. Guagliata,* 362 Ill. 427, 200 N.E. 169; *People v. Hansen,* 28 Ill.2d 322, 192 N.E.2d 359."

■■ The indictment here was sufficient to charge the offense of violation of bail bond. It was insufficient, however, for the imposition of the enhanced penalty for violation of a bail bond while the defendant is out on bail on an offense that is a felony. Illinois Revised Statutes, 1971, chapter 38, paragraph 32—10, defines the offense and enumerates a penalty if the violation of bail bond is in connection with a misdemeanor with a provision for an enhanced penalty if such violation is in connection with a charge that constitutes a felony. Both parties to this appeal are in agreement that the defendant should have been sentenced in accordance with the lesser penalty provided by the statute. We agree that the sentence imposed must be vacated and this cause remanded for resentencing upon the violation of bail bond.

As to the penalty imposed for aggravated assault, this case pends upon direct appeal and has not reached final adjudication, and for purposes of sentencing the provisions of the Unified Code of Corrections apply. (*People v. Lobb,* 9 Ill.App.3d 650, 292 N.E.2d 750; *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.) Aggravated assault is now classified as a Class A misdemeanor (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 12—2.) The maximum sentence is one year.

■■ The Unified Code of Corrections is likewise applicable to the burglary sentence. Burglary is now a Class 2 felony and upon imposition of sentences of Class 2 felonies, it is required that the minimum sentence be no more than one-third of the maximum sentence imposed. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c) (3).) Accordingly, the convictions here under review are affirmed. The sentences imposed are vacated and these cases are remanded to the circuit court of Coles County for reimposition of sentence in accordance with the Unified Code of Corrections and the views herein expressed.

Convictions affirmed, sentences vacated, cause remanded.

TRAPP and SMITH, JJ., concur.