/s/ A. Andrew Hauk
A. Andrew Hauk
UNITED STATES DISTRICT JUDGE

**UNITED STATES of America,**
**Plaintiff,**

v.

**William Paul LATHAM, Defendant.**

**Crim. No. 74–89–E.**

United States District Court,
E. D. Illinois.

Nov. 27, 1974.

Henry A. Schwarz, U. S. Atty., Jack A. Strellis, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff.

Michael B. Constance, Belleville, Ill., for defendant.

### ORDER

FOREMAN, District Judge:

Defendant William Paul Latham is charged in a two-count indictment with being a convicted felon in possession of

a revolver in violation of 18 U.S.C. § 1202(a)(2) and knowingly receiving another revolver in interstate commerce and affecting interstate commerce in violation of the same statute.

Defendant has moved to dismiss the indictment against him on the ground that his prior conviction was for a misdemeanor, rather than a felony. The indictment alleges that he was "convicted in St. Clair County, Illinois, on September 19, 1969 of intimidation which is a felony as defined by Title 18, Appendix, United States Code, Section 1202(c)(2)."

Defendant contends that he was convicted of the charge of intimidation pursuant to S.H.A., Ch. 38, § 12–6. Paragraph (b) of that statute establishes the following penalty provisions:

"A person convicted of intimidation shall be fined not to exceed $5,000 or imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to five years, or both fined and imprisoned."

■■ Illinois Courts have consistently held that where the penalty for an offense provides for the alternative of a fine or imprisonment in a penal institution other than the penitentiary, or imprisonment in the penitentiary, the offense is a misdemeanor. People v. Novotny, 41 Ill.2d 401, 244 N.E.2d 182 (1968); People v. Spector, 28 Ill. 2d 554, 192 N.E.2d 926 (1963); People v. Stavrakas, 335 Ill. 570, 167 N.E. 852 (1929); Lamkin v. People, 94 Ill. 501 (1880). Thus, under Illinois law, the crime for which defendant was convicted was a misdemeanor.

Section 1202(c)(2), however, defines a felony as follows:

" '[F]elony' means any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less."

■■ This statute, in defining the exception for stated offenses uses the conjunctive "and". Therefore, for a state offense to be a misdemeanor within the meaning of this statute, it must be classified a misdemeanor under state law and must be punishable by a term of imprisonment of two years or less. United States v. Glasgow, 478 F.2d 850 (8th Cir. 1973); United States v. Pederson, 359 F.Supp. 1151 (D.Minn.1973). The Illinois criminal statute for intimidation provides a maximum sentence of five years in the penitentiary. Accordingly, although the prior conviction is considered by the state to be a misdemeanor conviction, for purposes of § 1202, it is a felony conviction.

Defendant places substantial reliance upon United States v. Schultheis, 486 F.2d 1331 (4th Cir. 1973). That case, however, is based upon a different factual background. There the defendant had been convicted under the Maryland law of simple assault which was a common law crime. That court noted that § 1202 speaks clearly of the statutory convictions to which it will apply, but that the statute is silent regarding its application to common law convictions. That court looked at the actual sentence imposed for the conviction, because there was no clearly defined maximum sentence established by statute.

In the instant action, the state statute clearly establishes the maximum term of imprisonment, so there is no need to examine the actual sentence imposed. Moreover, in a footnote, the Schultheis court clearly stated: "Our opinion, of course, is not to be read as precedent that the punishment imposed be utilized as the criterion for the classification of crimes that do not have the peculiar characteristics of Maryland's common law simple assault." (486 F.2d at 1335)

Thus, defendant's Motion to Dismiss the indictment must be and is hereby denied.