(731 P.2d 318)

No. 59,326

STATE OF KANSAS, *Appellee*, v. VINCENT DEATLEY, *Appellant*.

Petition for review denied February 27, 1987.

Opinion filed January 15, 1987.

*Melissa Sheridan*, assistant appellate defender, and *Benjamin C. Wood*, chief appellate defender, for the appellant.

*Bruce W. Beye*, assistant district attorney, *Dennis W. Moore*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., HARRY G. MILLER, District Judge Retired, assigned, and JAMES J. NOONE, District Judge Retired, assigned.

MILLER, J.: The defendant has appealed from his conviction on a charge of aggravated failure to appear. The facts are not in dispute, and for purposes of this appeal, the parties have stipulated as follows.

The State's evidence was that defendant drove a car in which he and a codefendant fled after having thrown a pumpkin through a window. The victim estimated the damage to his property to be in excess of $150. Defendant was charged with felony criminal damage, in violation of K.S.A. 1985 Supp. 21-3720 and K.S.A. 1985 Supp. 21-4501(e), and was released on bond.

After preliminary hearing and arraignment, defendant was released on bond and ordered to appear before the court on January 23, 1985. Defendant failed to appear on that date, how-

ever, and his bond was ordered forfeited and a bench warrant was issued for his arrest.

During the time the bench warrant was still outstanding, the prosecutor, upon learning that the replacement cost of the broken window was slightly less than $150, amended the complaint against the codefendant to a misdemeanor charge, and the codefendant pled guilty to the misdemeanor.

Defendant was arrested and returned to the jurisdiction of the court on March 23, 1985, by the professional surety on his bond. The present case, charging aggravated failure to appear under K.S.A. 21-3814 and K.S.A. 1985 Supp. 21-4501(e), was filed on May 16, 1985. Subsequently, defendant was tried on the underlying criminal damage case, after the complaint was amended to a misdemeanor charge, and was convicted of the misdemeanor.

On August 6, 1985, defendant was then tried on the charge of aggravated failure to appear. The court overruled the motion of defendant's trial counsel to dismiss the charge based upon the reduction of the underlying charge to a misdemeanor, finding that the language of the statute was plain and unambiguous, and specifically finding that defendant had been "charged with a felony and had been released for appearance" before the district court. Defendant was convicted and sentenced to a minimum term, and probation was denied. Defendant thereafter appealed the court's ruling on his motion to dismiss.

Defendant has raised three issues. First, he contends that the complaint on the charge of aggravated failure to appear is fatally defective and did not confer jurisdiction over him because it omits an essential element of the offense charged, *i.e.*, that defendant *willfully* incurred the forfeiture of his appearance bond.

K.S.A. 21-3814 provides:

"Aggravated failure to appear is willfully incurring a forfeiture of an appearance bond and failing to surrender oneself within thirty (30) days following the date of such forfeiture by one who is charged with a felony and has been released on bond for appearance before any court of this state."

The complaint in this case, in relevant part, reads:

"VINCENT EDWARD DeATLEY did then and there unlawfully, *willfully* and feloniously *fail to surrender* himself within 30 days following the forfeiture of an appearance bond in Johnson County, Kansas, District Court Case # K-47608, in which he was charged with a felony and had been released on bond for appearance on the 23rd day of January, 1985." (Emphasis supplied.)

Defendant argues that the complaint does not allege a *willful forfeiture* of his appearance bond, but rather alleges only a *willful failure to surrender* following a forfeiture, whether willful or not.

The established rule is that, in a felony action, the indictment or information is the jurisdictional instrument upon which the accused stands trial. The sufficiency of the information is governed by the guidelines of K.S.A. 22-3201(2), but it must include the essential elements of the crime charged; otherwise it is fatally defective.

In *State v. Jackson*, 239 Kan. 463, 465-66, 721 P.2d 232 (1986), the court stated:

" 'Sufficiency of the indictment or information is to be measured by whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and by whether it is specific enough to make a plea of double jeopardy possible. *Russell v. United States*, 369 U.S. 749, 763-64, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962). Although the accused has the right to know the nature of the charges against him, the information need not set forth all the specific evidentiary facts relied on to sustain the charge. However, if the allegations in an information fail to constitute an offense in the language or meaning of an applicable statute, the information is fatally defective.' "

The complaint in this case clearly does not charge defendant specifically, in so many words, with "willfully incurring a forfeiture" of his appearance bond. The question, then, is whether, assuming all of the allegations of the complaint are true, the defendant has committed the offense charged.

The test of "willfulness" under the statute was stated in *State v. Rodgers*, 225 Kan. 242, 247, 589 P.2d 981 (1979):

"To establish willfulness it is sufficient if the State prove the defendant failed without just cause or excuse to surrender himself within thirty (30) days following the forfeiture of his appearance bond."

The court further stated:

"When the State has introduced evidence that a defendant entered into a personal recognizance requiring his appearance in a court on a day certain, as in the present case, that he thereafter failed to appear, and that following the forfeiture of the appearance bond he failed to surrender himself within thirty (30) days thereafter a prima facie case of willfulness has been established by the State." *State v. Rodgers*, 225 Kan. at 247.

We believe the language used in the complaint fairly apprised the defendant that the State was charging that defendant, in

forfeiting his bond by failure to appear and in failing to surrender himself within 30 days thereafter, acted *willfully* and unlawfully in violation of the statute. The defendant was sufficiently apprised of what he had to be prepared to meet, and the complaint, while not a model of exactness, was not fatally defective.

Defendant further argues that "release on a felony charge" is an essential element of aggravated failure to appear, and the court's omission of this element from instruction No. 10 was clearly erroneous.

Instruction No. 10, given by the court, was as follows:

"The defendant has been charged with the crime of aggravated failure to appear. The defendant [pleads] not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the defendant had been released on an appearance bond to appear before a court;

"2. That the defendant willfully failed to appear before the court at the time requested;

"3. That the defendant's appearance bond was forfeited;

"4. That the defendant willfully failed to surrender himself within 30 days following the forfeiture of his appearance bond; and

"5. That this act occurred on or about the 23rd day of January, 1985, in Johnson County, Kansas."

This instruction follows PIK Crim. 2d 60.15, which sets out the same instruction for both aggravated failure to appear, 21-3814, and failure to appear, 21-3813. The only difference between the two crimes as set forth in the statutes is that failure to appear is committed by one charged with a misdemeanor and is a misdemeanor offense, while aggravated failure to appear is committed by a person charged with a felony and is a felony offense.

A committee note to PIK Crim. 2d 60.15 states that the instruction contains all the necessary elements for use in both classes of cases. However, since failure to appear becomes "aggravated" only if the charge involved is a felony, this is an essential element of the charge. The better practice would be to include this element in the instruction given by the court.

Defendant does not contend that an objection to the instruction was made at the trial or that an additional instruction was requested. He argues only that it was "clearly erroneous."

As was stated in *State v. Stafford*, 223 Kan. 62, Syl. ¶ 2, 573 P.2d 970 (1977):

"When an instruction has not been objected to at trial, this court's scope of review is limited to a determination of whether the instruction is 'clearly

erroneous.' An instruction is clearly erroneous when the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility the jury would have returned a different verdict."

Can such a firm conviction be reached here? We think not. The only evidence before the jury was undisputed that, at the time defendant's bond was forfeited for failure to appear, he was on release on a felony charge. Nothing in the record supports a misdemeanor failure to appear charge. The failure to instruct the jury that it had to find that defendant was charged with a felony when he failed to appear was not "clearly erroneous." *State v. Nesmith*, 220 Kan. 146, 551 P.2d 896 (1976).

Defendant also contends that he was wrongfully convicted of aggravated failure to appear since the underlying charge on which he was released had been reduced to a misdemeanor. He argues that the underlying charge was set as a felony as the result of an inflated estimate of damages, and that he was released on bail for a felony offense although no felony had actually been committed.

K.S.A. 21-3814 provides that aggravated failure to appear occurs when "one who is *charged* with a felony" fails to appear. The statute is clear and unambiguous and indicates that the offense *charged* controls.

The Judicial Council note accompanying this section is instructive. It reads:

"Bond jumping was not an offense under the former statutes of Kansas. However, such provisions are common among the laws of other states. Also, there is a current trend in the United States toward release on one's own recognizance.

"Thus, it seems appropriate to provide a sanction to secure the attendance of the accused who is released without surety . . . .

"The section is based, in part, on Illinois Criminal Code, 32-10."

The question of whether the outcome on the underlying offense has any effect on a charge of bond jumping has never been addressed in this state. Defendant relies on *People v. Prather*, 16 Ill. App. 3d 376, 306 N.E. 2d 361 (1974), to support his argument.

In *Prather*, the defendant was indicted and convicted for failure to appear on a charge of aggravated assault which the State claimed was a felony charge. On appeal, the court held that aggravated assault, as defined in the statute, was not a felony but was a misdemeanor. The court went on to say:

"The indictment here was sufficient to charge the offense of violation of bail bond. It was insufficient, however, for the imposition of the enhanced penalty for

violation of a bail bond while the defendant is out on bail on an offense that is a felony." 16 Ill. App. 3d at 378.

The court did not address the issue as to whether prosecution of a charge of bond jumping was dependent on the outcome of the underlying offense on which the bond was issued. It simply held that where the underlying offense was defined by statute as a misdemeanor, the State could not claim it was a felony and thus seek to impose on the defendant the enhanced penalties of aggravated failure to appear. Nor did the court purport to modify or reverse its prior decision in *People v. Minefee*, 14 Ill. App. 3d 796, 303 N.E. 2d 591 (1973).

In *Minefee*, the defendant was convicted on a charge of bail jumping. Subsequently, his conviction on the underlying charge of possession of marijuana was reversed on appeal because the statute had been held to be unconstitutional. He then appealed his conviction for bond jumping, citing the reversal of the underlying charge. The Illinois court found the argument unpersuasive and upheld the conviction, stating, "The language of the . . . bail jumping statute makes it clear that the Legislature intended to create a separate offense for violation of the conditions of a bail bond apart from the initial offense for which the bond was issued." 14 Ill. App. 3d at 797.

Again, in *People v. Holcombe*, 89 App. Div. 2d 644, 453 N.Y.S. 2d 126 (1982), where the defendant attacked his bail jumping conviction on the grounds that his conviction on the underlying charge had been reversed, the court held:

"The crime of bail jumping is committed when a person who is released by court order upon bail or his own recognizance fails to make a scheduled court appearance within a specified time . . . . As such, it is a crime separate and distinct from the predicate charge which gave rise to the bail jumping offense. Defendant's ultimate success on the predicate charge does not in any way excuse or justify his failure to obey a court order directing his appearance in connection therewith."

Defendant's petition for relief was denied. See *People v. Davis*, 168 Misc. 511, 5 N.Y.S. 2d 411 (1938).

In an analogous situation involving escape from a county jail while awaiting trial on another offense, on which the defendant was subsequently acquitted, the defendant, in an early Kansas case, presented the same argument. In rejecting the argument, Justice Valentine, speaking for the court, held:

"When a party is in legal custody, and commits an escape, we do not think that it

depends upon some future contingency as to whether such escape is an offense or not." *State v. Lewis,* 19 Kan. 261, 265 (1877).

The same reasoning is applicable here. The statute was enacted to make bond jumping a criminal offense in itself, separate and distinct from the underlying offense on which the bond was issued. As such, the offense is not dependent upon the outcome of the underlying charge.

Affirmed.