JACK CLEVELAND, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5823

November 26, 1969          461 P.2d 408

*James D. Santini,* Public Defender, and *Robert G. Legakes,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Respondent.

---

## OPINION

By the Court, ZENOFF, J.:

Jack Cleveland was convicted of grand larceny for the theft of several bundles of bed sheets, bath mats, wash cloths and bedspreads from the El Cortez Western Motel in Las Vegas. The only issue involved in this appeal is that of the value of the stolen linens. Cleveland contends that the record is absent of proof that the market value of the stolen items was over $100.00 which, of course, is a material allegation that the state must prove in the prosecution of grand larceny as a felony.

The purchasing agent for the motel who was experienced in his field for 5½ years testified that the cost of the missing items which were purchased one month before the theft was $365.10 and that he considered their value to be 11/12ths of the purchase price when they were stolen. There was no other proof as to value.

The court instructed the jury that:

"When the value of property alleged to have been taken by theft must be determined, the reasonable and fair market value at the time and in the locality of the theft shall be the test. That value is the highest price, estimated in terms of money for which the property would have sold in the open market at that time and in that locality, if the owner was desirous of selling, but under no urgent necessity of doing so, if the buyer was desirous of buying but under no urgent necessity of doing so, if the seller had a reasonable time within which to find a purchaser, and if the buyer had knowledge of the character of the property and of the uses to which it might be put."

1.    The true criterion for the value of property taken is the fair market value of the property at the time and place it was stolen if there be such a standard market. Beasley v. Commonwealth, 339 S.W.2d 179 (Ky.App. 1960). But where such market value cannot be reasonably determined other evidence of value may be received such as replacement cost or purchase price. State v. Randle, 410 P.2d 687 (Ariz.App. 1966); People v. Renfro, 58 Cal.Rptr. 832 (Cal.App. 1967); Taylor v. State, 272 S.W.2d 893 (Tex.Cr.App. 1954).

2.    Used linens are usually not a subject of an ascertainable market. Almost always the only value of used hotel or motel linens is simply whatever can be received for them. The opinion of a person who deals in such goods is sufficient to present to the jury and the purchasing agent was so qualified. State v. Jones, 448 P.2d 70 (Ariz. 1968). His testimony constitued enough evidence from which the jury could follow the court's instruction to find the market value. Lefthand v. State, 398 P.2d 98 (Okl.Cr. 1965).

3.    Conceivably what constitutes sufficient proof in one case, where a ready market for certain merchandise is not available, as here, may not be enough when such a market is available, used automobiles for instance. The burden is upon the prosecution to provide the necessary proof of value of the particular merchandise then presented. The burden has been met in this case.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.