RONALD FREDERICK CARL, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12893

March 27, 1984                                    678 P.2d 669

[Rehearing denied December 24, 1984]

*David Parraguirre,* Public Defender, Washoe County; *Heaton & Wright,* and *George E. Franzen,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, *John J. Kadlic,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

Appellant Carl stands convicted of second degree murder. Carl's principal claim of error is that the trial court's instructions on self-defense impermissibly shifted the burden of proof to him. The Due Process clause of the United States Constitution protects an accused against conviction except on proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. In re Winship, 397 U.S. 358 (1970).

The instructions in question, numbered 31, 32, and 33, are set out in the margin.[1] The instructions define self-defense and tell the jury that in order to apply the defense and acquit the defendant certain circumstances "must appear." Carl claims that this language shifts the burden of proving facts supporting self-defense from the state to him. We hold that the instructions properly advise the jury concerning the nature and elements of self-defense and do not in any way alter or diminish

---

[1]*Instruction No. 31:*

Justifiable homicide is the killing of a human being in necessary self-defense against one who manifestly intends, or endeavors, by violence or surprise, to commit a felony.

A bare fear of the offense mentioned above to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It *must appear* that the circumstances were sufficient to excite the fears of a reasonable person, and that the party killing really acted under the influence of those fears and not in a spirit of revenge.

Homicide is also justifiable when committed either in the lawful defense of the slayer, when there is reasonable ground to apprehend a design on the part of the person slain to commit a felony or to do

the state's burden to prove Carl's guilt beyond a reasonable doubt.

Our decision turns on whether use of the words "must appear" in defining for the jury the elements of self-defense might "lead the jury into believing that the instruction imposes upon the defendant the burden of persuasion." Kelso v. State, 95 Nev. 37, 43, 588 P.2d 1035 (1979). Any language which can be read as placing upon the defendant the burden of proving circumstances of mitigation has been expressly condemned by the court. Phillips v. State, 86 Nev. 720, 475 P.2d 671 (1970). The jury in this case, by Instruction No. 19, has been clearly told that the burden of proving every element of the crime beyond a reasonable doubt rested upon the prosecution. If the complained-of instructions contradicted the given instruction and indicated that the defendant had the duty or responsibility of proving some facts or circumstances, we should have to agree with Carl; but this is not the case.

"Appear" is an intransitive verb and does not require a direct object to complete its meaning. The word expresses a mere state of being or existence and does not involve, as in the case of transitive verbs, an action carried from a subject to an object. If the jury had been told that it must *find* certain facts or that the defendant must *prove* certain facts, then it might be argued that some action might be required which was inconsistent with the state's overall burden of proof. No action of any kind appears from the use of "appear." "Appear" means only to come into view or into existence. All that the jury was being told in these instructions was that in order for the legal principle of self-defense to be applicable in this case certain facts or circumstances must appear or exist. There is no more neutral

some great personal injury to the slayer and there is imminent danger of such design being accomplished or in the actual resistance of an attempt to commit a felony upon the slayer in his presence.

*Instruction No. 32:*

A homicide *appearing* to be justifiable, the person charged, upon trial, shall be acquitted.

*Instruction No. 33:*

In order to justify a killing in self-defense, it *must appear* that:
1. The danger was so urgent and pressing that, in order to save his own life, or to prevent his receiving great bodily harm, the killing of the other was absolutely necessary; and
2. The person killed was the assailant, or that the slayer had really, and in good faith, endeavored to decline any further struggle before the mortal blow was given.

(Emphasis added.)

way of putting it. There is nothing in the language employed that would indicate that the defendant had to *do* anything, much less have to prove facts in a manner inconsistent with the state's burden to prove its case beyond a reasonable doubt.

In *Kelso,* at page 41, the court used the word "appear" in this context, stating that to establish "self-defense, it must appear" that certain circumstances exist. We would be hard pressed to condemn the trial court for using the same language in instructing the jury on the requisites of this defense.

There is nothing in the language, "it must appear," that suggests that the defendant must *prove* anything, or even that the jury must *find* or *conclude* anything. We perceive no error, constitutional or otherwise, relative to the state's clearly stated burden of proof. Finding no other error in the record, we affirm the judgment of conviction.

MANOUKIAN, C. J., and MOWBRAY, STEFFEN, and GUNDERSON, JJ., concur.