WILLIAM GENE JORGENSEN, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 14667

October 4, 1984                              688 P.2d 308

542

*Thomas E. Perkins,* State Public Defender, and *Laura Fitz-Simmons* and *Robert Bork,* Deputy State Public Defenders, Carson City, for Appellant.

*Brian McKay,* Attorney General, and *Ernest E. Adler* and *David F. Sarnowski,* Deputy Attorneys General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

William Gene Jorgensen appeals from a judgment of conviction of escape from prison custody, NRS 212.090. We hold that both of his assignments of error are without merit, and affirm.

At his jury trial, appellant raised the defense of necessity, claiming he had to escape because he had been threatened with death by a group of unidentified inmates. The district court instructed the jury on the "necessity" defense as defined in People v. Lovercamp, 118 Cal.Rptr. 110 (Ct.App. 1975). Appellant now contends that the court erred by giving the *Lovercamp* instruction, and that the court should have instructed the jury on the less restrictive definition of the defense adopted in other jurisdictions. We reject this argument.

The *Lovercamp* court ruled that in order for the "necessity" defense to excuse the crime of escape, all of the following conditions must exist:

> 1. The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;
>
> 2. There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;
>
> 3. There is no time or opportunity to resort to the courts;
>
> 4. There is no evidence of force or violence used towards prison personnel or other "innocent" persons in the escape; and
>
> 5. The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.

118 Cal.Rptr. at 115. The *Lovercamp* definition requires the inmate to satisfy all five of these conditions before he or she can establish a valid defense. This approach has been adopted by at least two states, and is consistent with federal law. *See* State v. Horn, 566 P.2d 1378 (Hawaii 1977); State v. Stuit, 576 P.2d 264 (Mont. 1978); *see also* United States v. Bailey, 444 U.S. 394 (1980).

Other jurisdictions have rejected the *Lovercamp* approach and have adopted the less restrictive definition of the defense urged upon us by appellant. Under this definition, the inmate need not satisfy all five of the *Lovercamp* conditions, but need only establish that the escape was reasonable under its attendant circumstances. The five conditions are not prerequisite to a valid defense, but are matters to be considered by the jury in assessing the weight and credibility of the evidence proffered in support of the defense. *See* People v. Unger, 362 N.E.2d 319 (Ill. 1977); People v. Luther, 232 N.W.2d 184 (Mich. 1975); Esquibel v. State, 576 P.2d 1129 (N.M. 1978).

We are persuaded that *Lovercamp* sets forth the correct definition of the elements of the necessity defense to a charge of escape from custody. "[T]he *Lovercamp* conditions provide clear-cut guidelines against which the trial court and the jury may judge [necessity] defenses. . . . The conditions set forth in the *Lovercamp* decision serve to clarify the issues and to narrow the class of cases in which the defense of [necessity] can be raised." State v. Miller, 313 N.W.2d 460, 463 (S.D. 1981) (Woolman, C.J., concurring specially). We hereby adopt *Lovercamp* as the controlling law in this state. Consequently, we conclude that the district court did not err by giving the *Lovercamp* instruction. This assignment of error is therefore without merit.[1]

Appellant also contends that the district court erred by instructing, jury that the defense bore the burden of proving the necessity defense by a preponderance of the evidence. Appellant argues that necessity negates the mens rea of the crime of escape, and that consequently the state bears the burden of disproving the defense. Appellant correctly argues that when a defense negates an element of the offense, the state must disprove the defense because of the prosecution's burden to prove all elements of the charged offense beyond a reasonable doubt. *See* Mullaney v. Wilbur, 421 U.S. 684 (1975); Carl v. State, 100 Nev. 164, 678 P.2d 669 (1984); Kelso v. State, 95 Nev. 37, 588 P.2d 1035, *cert. denied,* 442 U.S. 921 (1979). Appellant errs, however, by asserting that the defense of necessity negates the mens rea of the crime of escape.

Appellant reasons that the defense of necessity is really one of duress, and that duress negates the mens rea, because NRS 194.010 declares that a person acting under duress is incapable of committing a crime. This reasoning underscores the confusion of terminology engendered by the prison escape defense. The defense has been referred to as "duress" and "necessity" interchangeably, although the two defenses are distinct. *See, e.g.,* People v. Unger, *supra.* For the reasons cogently expressed in People v. Condley, 138 Cal.Rptr. 515 (Ct.App. 1977), however, we conclude that the prison escape defense is actually one of necessity, not duress. While expressing no opinion on whether duress negates the mens rea of a crime, we agree

---

[1]We note that we have previously cited *Lovercamp* with approval, and that certain elements of the *Lovercamp* definition have long been embodied in Nevada law. *See* Wolfe v. State, 95 Nev. 240, 591 P.2d 1155 (1979); State of Nevada v. Davis, 14 Nev. 439 (1880).

with the *Condley* court that the necessity defense does *not* negate the mental state of the crime of prison escape. Rather, the escapee forms the requisite intent, but the crime of escape is excused as a matter of public policy when a valid necessity defense is established. For this reason, the state bears no burden of disproving the defense of necessity, and there is no constitutional impediment to allocating the burden of proof to the defendant. *See* People v. Condley, *supra.*

Having concluded that both of appellant's contentions are without merit, we hereby affirm the judgment of conviction.