■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAWRENCE LANDY, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Egitto, J.), entered July 25, 1985, which granted that branch of the defendant's motion which was to dismiss the indictment charging him with bail jumping in the first degree on the ground that the prosecution was time barred by the Statute of Limitations.

Ordered that the order is affirmed.

On January 28, 1978, the defendant failed to appear at a scheduled court appearance in connection with an indictment pending against him, and a bench warrant for his arrest was issued. Thereafter, for a period of approximately six months, a police department warrant squad officer attempted to locate the defendant. His efforts included two visits to locations where it was believed the defendant may have been residing, several telephone calls to the defendant's mother and two telephone calls to his former employers. In addition, an effort

was made to ascertain the defendant's current address through the post office and through a search for any possible licenses held by the defendant. These efforts were unavailing, and no further investigation was undertaken after July 14, 1978. In June 1984 the defendant voluntarily returned to court. On March 25, 1985, following a jury trial, he was acquitted of all pending charges. That same day the instant indictment charging the defendant with bail jumping in the first degree was filed. Upon the defendant's motion, the indictment was dismissed on the ground that the action had not been commenced within the five-year period of limitation prescribed by CPL 30.10 (2) (b).

On this appeal, as before Criminal Term, the People argue that bail jumping is a "continuing offense" which terminates only upon the defendant's return to the jurisdiction of the court and that, in any event, the police exercised "reasonable diligence" in attempting to locate the defendant, thereby tolling the Statute of Limitations for a period long enough to permit a timely prosecution (see, CPL 30.10 [4] [a] [ii]). We reject both contentions.

The crime of bail jumping in the first degree is defined simply as the failure to appear in court on the required date or voluntarily within 30 days thereafter (Penal Law § 215.57). It becomes a completed crime when 30 days have expired after the failure to appear (see, People v Shurn, 71 AD2d 610, affd 50 NY2d 914). Because the language of the statute does not unambiguously express a legislative determination that the crime should be considered a continuing one, " 'that interpretation should be given which best protects the rights of a person charged with an offense' " (People v Shurn, supra, p 610, quoting from People ex rel. Cosgriff v Craig, 195 NY 190, 197; People v Wallens, 297 NY 57, 62). Therefore, bail jumping in the first degree is not a continuing crime (see, People v Martinez, 60 AD2d 551; People v Barnes, 130 Misc 2d 1058; People v McAllister, 77 Misc 2d 142; People ex rel. Barnes v Warden, 75 Misc 2d 291, 293), and the criminal action must normally be commenced within five years after the offense is committed (CPL 30.10 [2] [b]).

Moreover, although the time during which "the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence" shall not be included in calculating the applicable time limitation (CPL 30.10 [4] [a] [ii]), in view of the minimal attempts to locate the absent defendant in this case and the complete cessation of effort for nearly six years, there was

insufficient diligence exercised to exclude a period of time long enough to deem this criminal action timely commenced. Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.