## State of Vermont v. William D. Burns

[564 A.2d 593]

No. 88-179

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed June 16, 1989

*Shelley A. Hill, Windsor County State's Attorney,* and *Joanne Baltz, Deputy State's Attorney,* White River Junction, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defender General,* and *Henry Hinton, Appellate Defender,* Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals from the denial of his motion to dismiss an information charging him with the crime of escape in violation of 13 V.S.A. § 1501(b)(2)[1] on grounds that prosecution for the crime was barred by the applicable three-year statute of limitations. 13 V.S.A. § 4501(d).[2] The charge had been brought against defendant more than three years after the date of the alleged offense. In denying defendant's motion, the trial court determined that, for purposes of tolling the statute of limitations, escape is a continuing offense that "becomes complete only upon the retaking of the escapee into custody." The controlling question of law is whether the escape charge is barred by the applicable statute of limitations. We answer this question in the negative.

On appeal, defendant renews his argument that escape is not a continuing crime and that his prosecution for the offense was,

---

[1] 13 V.S.A. § 1501(b)(2) reads, in pertinent part:

A person who, while in lawful custody:

. . . .

(2) fails to return from furlough to the correctional facility at the specified time, or visits other than the specified place, as required by the order issued in accordance with section 808 of Title 28;

. . . .

shall be imprisoned for not more than five years or fined not more than $1,000.00, or both.

[2] According to 13 V.S.A. § 4501(d), "[p]rosecutions for other felonies and for misdemeanors shall be commenced within three years after the commission of the offense, and not after."

therefore, barred by the statute of limitations. Defendant contends that the Vermont statutes do not expressly create an exception to the three-year statute of limitations period for escape and it would, therefore, be inappropriate for this Court to do so.

Whether or not a crime is a continuing offense, however, does not depend upon the express language of the statute defining the offense. Misconduct also constitutes a continuing offense when "the nature of the crime involved is such that [the legislature] must assuredly have intended that it be treated as a continuing one." *Toussie* v. *United States*, 397 U.S. 112, 115 (1970) (failing to register for the draft not a continuing offense). The Court, in *Toussie*, came to its decision after considering both the purposes behind the statute of limitations[3] as well as the rule of construction that such statutes be interpreted to favor the barring of prosecution. *Id.*

Because of the nature of the crime of escape, it has been held to be a continuing offense under the *Toussie* standard:

> [W]e think it clear beyond peradventure that escape from federal custody as defined in [18 U.S.C.] § 751(a) is a continuing offense and that an escapee can be held liable for failure to return to custody as well as for his initial departure. Given the continuing threat to society posed by an escaped prisoner, "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."

*United States* v. *Bailey*, 444 U.S. 394, 413 (1980) (citing *Toussie*). It follows that the crime of escape under 13 V.S.A. § 1501(b)(2), like the analogous federal offense at issue in *Bailey*, is a continuing offense and that prosecution of the defendant for violation of § 1501 is, therefore, not barred by the statute of limitations. See

---

[3] As the Court noted in *Toussie*:

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

397 U.S. at 114-15.

*Campbell* v. *Griffin,* 101 Nev. 718, 721, 710 P.2d 70, 71 (1985) (escape under Nevada law is a continuing offense for purposes of the statute of limitations), *appeal dismissed,* 476 U.S. 1154 (1986).

Defendant argues that the reasoning of the Supreme Court in *Bailey,* pertaining to the nature of escape as a continuing offense, is dictum and of little guidance in light of 18 U.S.C. § 3290, tolling the statute of limitations for the period that an escapee remains at large. 18 U.S.C. § 3290 provides that "[n]o statute of limitations shall extend to any person fleeing from justice." According to defendant, the absence of a Vermont provision comparable to § 3290 renders *Bailey* of little weight in this case. The Court's language indicates, however, that its decision in *Bailey* was based on significant policy considerations, as well as § 3290, including the "continuing threat to society posed by an escaped prisoner." 444 U.S. at 413; see also *Campbell,* 101 Nev. at 721, 710 P.2d at 72 ("The language used by the Court in *Bailey* clearly indicates that its holding was not based on the federal statute of limitations, but was instead based on important policy considerations.").

Defendant also relies on *People* v. *Landy,* 125 A.D.2d 703, 510 N.Y.S.2d 190 (1986) (defendant charged with bail jumping in the first degree), and *People* v. *Barnes,* 130 Misc. 2d 1058, 499 N.Y.S.2d 343 (Sup. Ct. 1986) (defendant charged with bail jumping in the second degree), in support of his argument. While these decisions hold that bail jumping in violation of N.Y. Penal Law §§ 215.56 and 215.57 (McKinney 1988)[4] is not a continuing offense free from the constraints of applicable limitation statutes,

---

[4] Sections 215.56 and 215.57 provide, respectively:

> A person is guilty of bail jumping in the second degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a charge against him of committing a felony, and when he does not appear personally on the required date or voluntarily within thirty days thereafter. Bail jumping in the second degree is a class E felony.
>
> A person is guilty of bail jumping in the first degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with an indictment pending against him which charges him with the commission of a class A or class B felony, and when he does not appear personally on the required date or

they are distinguishable from the case at hand. In its statute of limitations for criminal actions, New York provides for exclusion from the applicable limitation period of any amount of time during which "the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence." N.Y. Crim. Proc. Law § 30.10(4)(a) (McKinney 1981). This additional language obviates the need for the continuing offense doctrine in New York. See *Landy,* 125 A.D.2d at 704-05, 510 N.Y.S.2d at 191. Vermont has no comparable statutory provision.

Finally, defendant points out that the policy justifications underlying the continuing offense doctrine may be inapplicable in the case of escape since the absence of the accused does not prevent the State from filing an indictment against him within the time period prescribed by the statute of limitations. See *State* v. *Stewart,* 140 Vt. 389, 395, 438 A.2d 671, 673 (1981) (statute of limitations in criminal action is tolled by the filing of an indictment or information). Although the State is not precluded from filing an information before the statute of limitations has run, it is not required to do so. See *Commonwealth* v. *Malloy*, 304 Pa. Super. 297, 303, 450 A.2d 689, 692 (1982) (quoting *In re Piscanio,* 235 Pa. Super. 490, 494, 344 A.2d 658, 660-61 (1975)); see also *State's Attorney* v. *Attorney General,* 138 Vt. 10, 13, 409 A.2d 599, 601 (1979) (state's attorney has "broad discretion in deciding whether or not to initiate a criminal prosecution"). Requiring the State to file an indictment against an escapee within three years of his initial escape from custody would interfere with the State's discretion by forcing it to decide whether to pursue prosecution of the escapee before his return to custody and before all the facts surrounding the escape are known.

*The controlling question of law is answered in the negative.*

---

voluntarily within thirty days thereafter. Bail jumping in the first degree is a class D felony.