**STATE of Vermont v. Chad PENNINGTON**

[649 A.2d 513]

No. 93-083

August 22, 1994.

Defendant claims on appeal that (1) the court improperly relied on hearsay evidence in concluding that defendant had violated the condition of probation that he report a change of address, and (2) introduction of hearsay evidence at a probation revocation hearing, without a good faith effort to produce the first-hand witnesses or an explanation of why they could not appear, violated defendant's right to confront his accusers.* We affirm because, even without the hearsay evidence, there was sufficient evidence for the district court's findings.

The State presented three witnesses at the probation revocation hearing. Probation officer Michael Cusumano testified that in April 1992 he signed defendant up for probation and explained the conditions to him. Mr. Cusumano also testified that defendant, who is a Pennsylvania resident, completed forms for his case to be supervised through the Interstate Compact by Pennsylvania. He agreed to "make his home at 19 East Ogden St., Girardville, Pennsylvania until a change of residence is duly authorized by the proper authorities of Pennsylvania" and to contact Mr. Cusumano if there were any problems. Barbara Walker, who is also a Vermont probation officer, testified that defendant's case was returned to Vermont in June and that she "received notice back from [the Pennsylvania probation authorities] that they refused to accept the case because the individual was not there, and people at the residence said he wasn't there, and they didn't know where he was." Finally, a deputy sheriff testified that he extradited defendant from Utah in December 1992. The only documentary evidence was the Deferred Sentence Agreement & Probation Warrant; the State did not introduce into evidence any communications from the Pennsylvania probation authorities.

The evidence that defendant argues was improperly offered and considered was Barbara Walker's testimony that Pennsylvania refused to accept supervision of defendant because an officer had attempted to locate defendant at the given address and had been told by people there that defendant did not reside there. Defendant argues that this testimony should have been excluded as hearsay.

Hearsay includes only those statements "offered in evidence to prove the truth of the matter asserted." V.R.E. 801(c). Defendant is correct that the *reason* Pennsylvania gave for refusing the case, defendant's absence from the stated

---

* At argument, defense counsel stated that the confrontation clause issue was not preserved. The record reveals, however, that defendant did object on con-frontation clause grounds when the State, through the testimony of Barbara Walker, offered the evidence at issue.

address, is hearsay if used to prove defendant was in fact absent from that address. But the fact that Pennsylvania refused to accept the case for supervision is not hearsay—it is direct testimony about an act performed by the State of Pennsylvania and admissible. *Henein v. Saudi Arabian Parsons Ltd.*, 818 F.2d 1508, 1512 (9th Cir. 1987), *cert. denied*, 484 U.S. 1009 (1988) (testimony that Saudi Arabian official ordered employer to terminate plaintiff's employment for possession of illegal drugs might be hearsay if offered to prove plaintiff possessed such drugs, but fact that employer was ordered to discharge plaintiff is not hearsay; it is direct evidence of act performed by Saudi government); see also *Curreri v. International Bhd. of Teamsters*, 722 F.2d 6, 11 (1st Cir. 1983) (statements can be introduced to show fact that certain things were said even though same statements could not be introduced to prove truth of matter asserted); see generally 6 J. Wigmore, Wigmore on Evidence §§ 1766, 1770 (Chadbourn rev. 1976).

Given the admissible evidence that Pennsylvania refused to accept supervision of defendant, the State offered sufficient evidence of the violations. In regard to the failure-to-report complaint, the State introduced the nonhearsay evidence that defendant was instructed by probation officer Cusumano to contact him if there were problems establishing probation in Pennsylvania. In addition, Ms. Walker testified that Pennsylvania probation authorities did not accept supervision and defendant never contacted Vermont's probation office. Thus the court's finding that defendant violated the failure-to-report condition by "his voluntary absence from the State of Pennsylvania and" the address defendant had given was amply supported by the admissible evidence.

In regard to the failure to notify of a change of address, the State introduced nonhearsay evidence that defendant was to remain at the address he gave in Pennsylvania until contacted by Pennsylvania authorities, defendant was arrested in Utah several months later, Pennsylvania rejected defendant's supervision, and defendant had not informed Vermont that he would be in Utah. Defendant contends that evidence that he was arrested in Utah sometime before Christmas of 1992 cannot be considered to determine that he violated a residence requirement on or before June 29, 1992, as alleged in the probation violation complaint. We disagree. Defendant's failure to inform his probation officer of his change of address was an ongoing act, beginning in April and ending with his arrest in Utah. See *State v. Burns*, 151 Vt. 621, 623, 564 A.2d 593, 595 (1989) (escape is a continuing offense). Taken together, this evidence was sufficient to establish that it was more likely than not that defendant had violated the failure to report a change of address condition.

Because the nonhearsay evidence was sufficient to prove by a preponderance of the evidence that defendant failed to notify his probation officer of a change of address within twenty-four hours and failed to report, we affirm without reaching the merits of defendant's arguments. See *State v. Emery*, 156 Vt. 364, 371, 593 A.2d 77, 81 (1991) (where contested hearsay at probation violation hearing is cumulative, introduction of this evidence is harmless).

*Affirmed.*