*1441
 
 OPINION
 

 Per Curiam:
 

 Weldo D. Woolsey pleaded guilty on April 27, 1994, to failure to appear after admission to bail. He received a three year suspended sentence conditioned on specific parole requirements. Woolsey reserved the right to appeal all legal issues.
 

 Woolsey’s conviction for failure to appear stems from an arrest for third offense felony DUI in Eureka County in May of 1986. After being released on bail, Woolsey failed to appear for a preliminary hearing on this charge, and pursuant to a bench warrant, was retaken into custody a month later. Woolsey again posted bail but failed to appear a second time for a hearing set for July of 1986. Another bench warrant was issued.
 

 In March of 1993, Woolsey was arrested in New Mexico and extradited to Nevada based on his outstanding warrants. Woolsey pleaded guilty to the felony charge of failure to appear and now appeals.
 

 FACTS
 

 On May 7, 1986, a Eureka County deputy sheriff found Woolsey along Highway 50 asleep in his parked truck, with the engine running. The deputy shook Woolsey awake and detected the smell of alcohol coming from him. After a brief scuffle between the officer and Woolsey, Woolsey was transported to the Eureka County jail.
 

 Following the arrest, a preliminary hearing took place on May 12, 1986. Bail was set at $2,415. On May 14, 1986, Woolsey posted bail, signing a bail receipt which notified him that he was to appear at the Eureka County courthouse on May 23, 1986. Three charges were filed against Woolsey on May 21, 1986: (1) resisting a police officer; (2) driving without a valid license; and (3) third offense felony DUI, based on two prior DUI convictions Woolsey had received in Utah within the previous seven years. Woolsey failed to appear for the May 23, 1986 hearing, and on the same day, the justice court issued a bench warrant.
 

 However, on either May 22, 23, or 27, 1986, an amended complaint lowered Woolsey’s felony DUI to a misdemeanor. Apparently the prior convictions in Utah were not valid under Koenig v. State, 99 Nev. 780, 672 P.2d 37 (1983), to enhance Woolsey’s DUI to a felony DUI. In late June 1986, Woolsey was re-arrested in Fallon. Woolsey appeared at another preliminary
 
 *1442
 
 hearing on July 7, 1986, and bail was set at $2,500. Bail was posted on July 8, 1986. The bail receipt set Woolsey’s next appearance for July 16, 1986. Woolsey again failed to appear. Consequently, the justice court judge issued another bench warrant on July 22, 1986. Other than the two bench warrants, no complaints were filed charging Woolsey with felony failure to appear until 1993.
 

 On March 7, 1993, New Mexico authorities arrested Woolsey. He was extradited to Eureka County on March 16, 1993. On March 17, 1993, the Eureka County District Attorney filed a criminal complaint against Woolsey in the Eureka County justice court for felony failure to appear. The charge related solely to the July 16, 1986 preliminary hearing and is the only complaint filed against Woolsey for felony failure to appear. The filing date of the complaint is nearly seven years after the alleged crime.
 

 Woolsey posted bond on March 18, 1993, releasing him until his trial for the offenses underlying the failure to appear charge. On April 2, 1993, Woolsey was found guilty of two misdemeanors in connection to his original arrest: driving under the influence and driving without a valid license. He was found not guilty of resisting an officer. On April 13, 1993, a criminal information was filed with the Seventh Judicial District Court, charging Woolsey with the felony violation of NRS 199.335, failure to appear after admission to bail.
 

 On July 20, 1993, before trial on the failure to appear charge, Woolsey filed a petition for a writ of habeas corpus. Woolsey argued that the statute of limitations barred the State from pursuing the felony failure to appear charge and that, under NRS 199.335, the State could not prove that a necessary element of the underlying crime existed. Specifically, Woolsey asserted that the State could not prove that he was released on bail for a felony. The district court denied Woolsey’s request for relief. Following denial of his request by the district court, Woolsey filed a petition for a writ of prohibition with this court, which was also denied.
 

 On April 27, 1994, Woolsey pleaded guilty to the charge of felony failure to appear for his July 16, 1986 preliminary hearing. According to the pre-sentencing report and Woolsey’s own statement, Woolsey admits that he knew he was supposed to appear. However, he claims that he was not aware of the felony status of the DUI charge. Apparently, Woolsey thought that the bail monies would cover the court costs and fines involved when he failed to appear. He received a suspended three year sentence subject to certain probationary requirements, including abstaining from the use of alcoholic beverages and his possible admission into counseling for alcohol abuse. However, as a condition of the plea, Woolsey preserved the right to appeal all legal issues. This appeal followed.
 

 
 *1443
 

 DISCUSSION
 

 The district court did not err in concluding that failure to appear is a “continuing offense” and therefore not subject to the statute of limitations
 

 Generally, felonies other than murder have a three year statute of limitations. NRS 171.085(2). Woolsey’s felony failure to appear was prosecuted under NRS 199.335. NRS 199.335 states:
 

 Every person who has been admitted to bail . . . and has not been recommitted to custody who fails to appear at the time and place required by the order admitting him to bail or any modification thereof, unless he surrenders himself within 30 days or is excused by the court, shall be punished:
 

 1. By imprisonment in the state prison for not less than 1 year nor more than 6 years, or by a fine of not more than $5,000, or by both fine and imprisonment, if admitted incident to prosecution for a felony.
 

 2. For a misdemeanor, if admitted incident to prosecution for a misdemeanor or gross misdemeanor.
 

 In this case, the state did not file the complaint for Woolsey’s felony failure to appear until nearly seven years after he failed to appear for his July 16, 1986 preliminary hearing.
 

 “Statutes of limitation ordinarily begin to run when a crime has been completed.” Campbell v. District Court, 101 Nev. 718, 722, 710 P.2d 70, 72 (1985). In order for the State to avoid the running of the statute of limitations, therefore, failure to appear would have to constitute a continuing offense. In
 
 Campbell,
 
 this court held that escape is a continuing offense “that is recommitted each day an escaped inmate is
 
 not in a custodian’s lawful
 
 custody.”
 
 Id.
 
 at 722, 710 P.2d at 73 (emphasis added).
 

 In this case, Woolsey had been arrested and was on bail when he failed to appear for his July 1986 preliminary hearing. In denying Woolsey’s pre-trial writ of habeas corpus, the district court extended
 
 Campbell
 
 to bail jumping, stating:
 

 In some respects there may be significant differences between the escape of a convicted criminal and an accused person’s failure to appear, but not in regard to the question of the continuing nature of the crimes. A convicted prisoner is in lawful custody of the State and, by escaping, unlawfully eludes that custody. Similarly, an accused person held for prosecution is in lawful custody. Admission to bail does not end that custody, but only changes its conditions, and the
 
 *1444
 
 accused person, by failing to appear, violates those conditions and unlawfully eludes custody. Escape “is recommitted each day an escaped inmate is not in a custodian’s lawful custody.”
 
 Campbell,
 
 at 722. Similarly, failure to appear is recommitted as long as the offender has not returned to lawful custody.
 

 We agree with this extension of
 
 Campbell.
 
 Bail is a privileged release from custody. To allow Woolsey to avoid prosecution for failure to appear simply because he eluded arrest long enough to surpass the three year statute of limitations is contrary to the purposes of NRS 199.335 in particular and bail in general. Therefore, based on the fact that NRS 199.335 is intended to punish those on bail who violate the conditions of their bail by failing to appear before the court when commanded, we conclude that failure to appear is a continuing offense and that the district court did not err in this conclusion.
 

 The district court erred in concluding that Woolsey’s failure to appear constituted felony failure to appear
 

 Many jurisdictions have held that the offense of failure to appear or bail jumping is a separate offense from the substantive charge which ultimately led to the failure to appear.
 
 See
 
 Williams v. United States, 331 A.2d 341 (D.C. 1975) (upholding a charge for failure to appear even after the charges against the defendant had been dropped because the statute intended that bail jumping be a separate offense); People v. Minefee, 303 N.E.2d 591, 592 (Ill. App. Ct. 1973) (upholding a felony failure to appear on drug charges, which were later held to be unconstitutional, because “the language of the above bail jumping statute makes it clear that the Legislature intended to create a separate offense for violation of the conditions of a bail bond apart from the initial offense for which the bond was issued”); State v. DeAtley, 731 P.2d 318, 323 (Kan. Ct. App. 1987) (“The statute was enacted to make bond jumping a criminal offense in itself, separate and distinct from the underlying offense on which the bond was issued. As such, the offense is not dependent upon the outcome of the underlying charge.”).
 

 Similarly, NRS 199.335 was enacted to make failure to appear an offense, separate and distinct from the underlying offense. The language of the statute indicates that generally the offense under which the party was released on bail should dictate the severity of a failure to appear charge. Another interpretation of NRS 199.335 would lead to the unreasonable result of parties on bail
 
 *1445
 
 weighing the merits of their cases before determining whether to appear for hearings. Sheriff v. Smith, 91 Nev. 729, 733, 542 P.2d 440, 443 (1975) (“A fundamental rule of statutory interpretation is that the unreasonableness of the result produced by one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another that would produce a reasonable result.”). Therefore, we also agree with the district court’s assessment that:
 

 NRS 199.355 does not require establishing that the predicate offense charged would have been successfully prosecuted or would never have been dropped or amended. If so, it would encourage every accused person admitted to bail to weigh the merits of the prosecution’s case and choose not to appear for hearings if he or she decided that the charged offense could not be proven. The Legislature certainly did not intend that guilt or innocence in a predicate offense be raised and decided as an aspect of a defense to the crime of failure to appear for the predicate offense.
 

 We do not need to address this issue, however, because Woolsey was only charged with the failure to appear for the July 16, 1986 preliminary hearing. Although it is uncertain when the DUI complaint was amended, it had clearly been reduced to a misdemeanor well before the July failure to appear. Therefore, under the facts of this case, the failure to appear on July 16 constituted a misdemeanor offense, not a felony. We will not countenance turning someone into a felon when, as in this case, by the time the accused failed to appear, the underlying offense had been reduced to a misdemeanor for reasons unassociated with the delay caused by the failure to appear.
 

 Given our disposition of this case, we find it unnecessary to reach Woolsey’s other arguments.
 

 CONCLUSION
 

 We conclude that the district court properly extended
 
 Campbell
 
 to define bail jumping as a continuing offense. Because the underlying offense had been reduced to a misdemeanor by the time of the July failure to appear, we reverse the district court’s judgment of conviction and remand for further proceedings consistent with this opinion.