WILLIAM PATRICK BRYANT, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 28356

May 28, 1998                     959 P.2d 964

*Morgan D. Harris,* Public Defender and *Sharon G. Dickinson,* Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Rose, J.:

On the night of July 27, 1995, Las Vegas police officers observed appellant William Patrick Bryant (Bryant) driving a pickup truck into a dark alley. The officers approached Bryant for questioning, and discovered several power tools that belonged to a nearby business in the back of Bryant's truck. The police officers arrested Bryant for burglary and felony possession of stolen property.

A jury convicted Bryant of felony possession of stolen property, but acquitted him of the burglary charge. Bryant appeals, arguing that the State failed to establish that the value of the tools was over the $250.00 felony threshold and, thus, the State failed to prove the elements of felony possession of stolen property beyond a reasonable doubt. We agree, and for the reasons set forth below, we reverse Bryant's conviction and remand for a new trial.[1]

### FACTS

During the late hours of July 27, 1995, and early July 28, 1995, two plain-clothes police officers conducting surveillance in the 2000 block of Western Street in Las Vegas spotted an older model pickup truck pull into an alleyway. The driver turned the truck's lights off while continuing to drive into the alleyway. The officers called for backup and then approached the truck.

While approaching, the officers noticed a white male near the truck who appeared to be observing the area. As the officers drew near, the man noticed them and tried to conceal himself behind the truck. The officers stopped the man and asked him what he was doing in the area. The man, who identified himself as Dana Goller (Goller), told the officers that he was "relaxing." When

---

[1]After careful review of the record on appeal and the briefs filed herein, we conclude that Bryant's remaining contentions on appeal are without merit.

the officers asked him why he was relaxing in a dark alleyway, Goller stated that he and a friend had gotten into an argument and that his friend had departed from the area. When the officers asked where his friend might have gone, Goller changed his story and told the officers that his vehicle had run out of gas and that his friend went to get more.

During this discussion, one of the officers spotted a man in the shadows attempting to hide underneath a truck. The man, who was subsequently identified by police as Bryant, was inside a fenced area of a business. After Bryant climbed back over the fence for questioning, the officers read both Bryant and Goller their *Miranda* rights. Bryant stated he had entered the fenced compound to steal some gas out of a truck because his vehicle had run out. After the initial questioning, the officers noticed some tools and other items in the truck bed. The tools included a drill, some drill bits, and a meter.

When the officers asked Bryant who owned the tools, Bryant stated that he did not know but they were not his. Bryant then stated that he had just purchased the tools from a man at a 7-Eleven store for $20.00. The officers noticed an individual's social security number and the name of a company, Magna Electric, on the tools. Magna Electric is located about two miles from where police found Bryant and Goller.

The police contacted Albert McCarthy (McCarthy), owner of Magna Electric, and informed him that some tools bearing the name of his company had been recovered. McCarthy went to the scene, recognized his social security number on the tools, and informed the police that the tools belonged to his company. Accompanying police to his business address, McCarthy discovered that the tool box in his 1991 GMC pickup truck had been broken into. A lock on a toolbox in a 1985 Ford pickup truck had also been broken, but no items were missing from this toolbox. Police accompanied McCarthy back to where Bryant and Goller were being detained. Police identification technician Rick Workman (Workman) came to the scene. Workman took photographs of the tools before returning them to McCarthy.

On August 4, 1995, Bryant was arraigned in justice court on charges of burglary and possession of stolen property. Bryant waived his preliminary hearing, and trial was set for October 2, 1995, in district court. By information, Bryant was charged with burglary and felony possession of the following stolen items: 1 Makita Cordless Drill with charger; 1 GIB Electric Drill bit set; 1 Eco Drill bit set; and a digital clamp amp meter.

During trial, McCarthy provided original invoices of the tools showing the purchase price of each item. McCarthy testified that he had not previously given these receipts to the police or the

district attorney's office. McCarthy stated that based on his years of experience, he estimated that the tools were worth approximately $336.00.

Evidence pertaining to the replacement cost of the tools was also presented in the form of a fax received from McCarthy's regular tool buyer. Based on that information, McCarthy testified that the individual items were 1 Morse Electric Hole Saw kit, valued new at $69.00, plus 7 percent tax; 1 Makita Drill, valued new at $115.00, plus 7 percent tax; 1 chuck key, valued new at $3.40, plus 7 percent tax; 1 drill box and charger, valued as free; and 1 digital clamp amp meter, valued new at $130.00, plus 7 percent tax. McCarthy testified that he would not buy used tools; accordingly, based on his business experience and price quotes obtained from his buyer, McCarthy testified that the replacement cost of similar brand new tools was approximately $317.40, plus $22.20 in sales tax, for a total of $339.62. The district court admitted McCarthy's testimony over Bryant's objections.

Trial concluded on October 4, 1995. On October 5, 1995, the jury returned a verdict of not guilty as to the burglary charge and guilty as to the charge of felony possession of stolen property. On December 13, 1995, the district court sentenced Bryant to a minimum of twenty-two months and a maximum of fifty-five months in the Nevada State Prison. However, the district court suspended the sentence and placed Bryant on probation for a period not to exceed five years.

Bryant now appeals.

## DISCUSSION

Bryant was convicted of possession of stolen property valued at over $250.00. On appeal, he argues that the State failed to prove beyond a reasonable doubt that the value of the tools was over the $250.00 felony threshold. We agree.

The Due Process Clause of the United States Constitution "protects an accused against conviction except on proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Carl v. State, 100 Nev. 164, 165, 678 P.2d 669, 669 (1984) (citing In re Winship, 397 U.S. 358 (1970)); *see also* Patterson v. New York, 432 U.S. 197, 215 (1977). Felony possession of stolen property requires that the fair market value of the stolen property be over $250.00. *See* NRS 205.275(3); *see also* Cleveland v. State, 85 Nev. 635, 637, 461 P.2d 408, 409 (1969). However, "where such market value cannot be reasonably determined other evidence of value may be received such as replacement cost or purchase price." *Cleveland,* 85 Nev. at 637, 461 P.2d at 409.

In the instant case, McCarthy testified that he bought only new tools and that he did not know the fair market value of the used tools that were stolen. He produced the original invoice for the tools that indicated a purchase price of $335.00. An expeditor who purchased all of McCarthy's tools corroborated McCarthy's testimony. However, no one testified as to the fair market value of the used tools or why the fair market value could not be reasonably determined. Without such evidence, it was improper for the district court to admit evidence of the alternate and higher estimate of value, that being the purchase price.

In this case, the district court erred in resorting to the alternate measure of valuation without any showing of the fair market value of the tools. The purchase price was only eighty-five dollars above the felony threshold; thus, it is conceivable, and perhaps probable, that the value of these used tools was below the felony threshold of $250.00. At any rate, a felony criminal conviction cannot be sustained on the basis of such unsure footing. Therefore, the district court erred in admitting evidence of the purchase price in order to establish the value of the tools because the State made no attempt to first establish the tools' fair market value. Further, based on our review of the record, the State proffered no evidence demonstrating that the fair market value of the tools could not be "reasonably determined." *See Cleveland,* 85 Nev. at 637, 461 P.2d at 409.

Because the State presented no evidence establishing the fair market value of the stolen tools and failed to justify the use of an alternative method of valuation, the State failed to prove Bryant's felony possession of stolen property beyond a reasonable doubt. Accordingly, we reverse Bryant's conviction and remand for a new trial.[2]

SPRINGER, C. J., and YOUNG, J., concur.

SHEARING, J., dissenting:

I would affirm the conviction of William Patrick Bryant for the felony of possession of stolen property. The jury heard evidence that the property was valued in excess of $250 and was entitled to accept that valuation. It is not for this court to substitute its judgment as to the value of the property.

---

[2]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in the decision of this appeal.